PEARCE, Appellant, *v.* PEARCE, Respondent.

(No. 1,831.)

(Submitted March 23, 1904. Decided April 19, 1904.)

*Divorce—Custody of Children—Powers of Court.*

Under Civil Code, Section 192, providing that in an action for divorce the court may, before or after judgment, give such direction for the custody of the

children as may seem necessary or proper, and may at any time vacate or modify the same, the court should, of its own motion, where the parents make no petition, inquire into the facts and make the necessary order for the custody of the children, and must do so when moved by either party, irrespective of whether such party was in default, or not, in the suit, or whether he or she was the guilty party; and, if a mistake is made in the first instance, the court should remedy the same, on a proper showing, as soon thereafter as possible.

*Appeal from District Court, Silver Bow County; E. W. Harney, Judge.*

ACTION for divorce by Etta Pearce against Harry Pearce. There was a decree for plaintiff, and after decree the court entered an order vacating a portion of the decree awarding the custody of the child to plaintiff, and giving the custody to defendant, and plaintiff appeals. Affirmed.

*Mr. M. Donlan,* and *Mr. J. E. Healy,* for Appellant.

*Messrs. Kirk & Clinton,* for Respondent.

MR. JUSTICE MILBURN delivered the opinion of the court.

This is an appeal from the order of the district court made in the foregoing cause after final judgment therein. The order referred to gave the custody of the minor child of the parties to the defendant, and further ordered that, under an arrangement between him and John F. Charles and the latter's wife, the said child should remain in their care, custody and control, and that that portion of the decree theretofore entered in the divorce proceedings awarding the custody of the minor to the plaintiff until the further order of the court be vacated and set aside.

From the record it appears that the plaintiff sued the defendant for divorce, and that there was default of answer on the part of the defendant after demurrer overruled. The decree was entered upon proof after default, but it did not contain any reference to the child. Later on, the plaintiff appeared

and prayed for the custody of the infant; and, without notice to the defendant, it was ordered that the plaintiff have such custody until the further order of the court. Thereafter the defendant appeared and prayed that the custody of the child be awarded to him. He introduced proof to show that the plaintiff was immoral and not a proper person to have the care and custody of their child. He further showed that at the time of the divorce proceedings there had been an agreement made between him and his wife whereby the wife conveyed to her husband certain real property, and agreed that the custody of the minor child should be retained by the husband. He therefore prayed that he have the custody of the minor child, in accordance with the agreement so made, and for the reason that the mother was not a fit person. The court in this latter proceeding granted the prayer of the defendant, vacated that part of the decree awarding the custody of the child to the wife, and ordered that the father have the care and custody thereof as said herein above. The infant is a girl six years of age. The wife is the appellant herein.

The point is made by the appellant that the said contract by which it was agreed, under the circumstances narrated, that the husband should have the custody of the child, is void as against public policy. It is not necessary to discuss that question. Section 192 of the Civil Code is as follows: "In an action for divorce the court or judge may, before or after judgment, give such direction for the custody, care and education of the children of the marriage as may seem necessary or proper, and may at any time vacate or modify the same." We cannot understand how this language can be misunderstood, or how two persons can form different opinions as to what it means. The marriage laws are intended to establish families, and to protect children resulting from the conjugal union. When parents have unfortunate differences, and invoke the law of divorce for the purpose of separation, the prime duty of the court is to see that the infant children are protected; and if the parents do not, by proper petition, ask the court to make a proper order

for the care and protection of their helpless offspring, the court should and may of its own motion inquire into the facts and make the necessary order, and must do so when moved by either party, whether such party was in default, or not, in the suit, or is the guilty party. If it makes a mistake in the first instance, it may and should remedy the same, upon a proper showing, as soon thereafter as possible; and the law, in its beneficence, and with a tender care for the infants, has provided the means set forth in Section 192, quoted above.

Examining the record, we find sufficient evidence to support the court in the conclusion that "it appears to be for the best interests of the child, in respect of its temporal, mental and moral welfare, that the custody of said child be awarded to defendant, and that, under the said contract between the defendant and said John F. Charles and Mrs. John F. Charles, that the said minor be allowed to remain in the care, custody and control of Mr. and Mrs. John F. Charles, and that that portion of the decree which has been heretofore inserted in the original decree in the above entitled action, to-wit, 'and that plaintiff be adjudged to have the custody of the said minor child until the further order of this court,' be vacated and set aside."

It appearing upon sufficient evidence to the court below that Mr. and Mrs. Charles are proper persons to care for the child under an arrangement with the defendant, the order of the court appealed from should not be disturbed. The action of the court complained of appears to us, under the circumstances, to be just and proper.

There is not any prejudicial error appearing in the record and discussed in the brief.

*Affirmed.*