STATE EX REL. CITY OF BUTTE ET AL., RELATORS, *v.* DISTRICT COURT OF SECOND JUDICIAL DISTRICT ET AL., RESPONDENTS.

(No. 2,157.)

(Submitted January 31, 1905. Decided February 6, 1905.)

*Habeas Corpus—Extent of Relief—District Court—Jurisdiction.*

*Habeas Corpus—*Its Object.
    1.   The only object sought, and the only relief that can be granted, in *habeas corpus* proceedings, is the release of the complainant from unlawful custody.

District Courts—*Habeas Corpus—*For What Purpose It may not be Used.
    2.   The district court may not use the writ of *habeas corpus* for the purpose of reviewing the action of a committing magistrate in applying a deposit, in lieu of bail, to the payment of a fine assessed against complainant; nor has it jurisdiction to determine, under the writ, who is entitled to the money, or direct the city treasurer, to whom it had been paid, to refund it to complainant.

ORIGINAL application for a writ of *certiorari* by the state, on the relation of the city of Butte and M. A. Berger, treasurer of said city, to annul an order made by Honorable Michael Donlan, judge of the district court of the second judicial district, in *habeas corpus* proceedings. Order annulled in part.

*Mr. J. F. Davies,* for Relators.

*Mr. James H. Baldwin,* for Respondents.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

Application for writ of *certiorari.* One May Fox was on January 20, 1905, convicted in the police court of the city of Butte of the crime of being an inmate of a house of prostitution in said city, in violation of Ordinance No. 150, entitled "An ordinance relating to the suppression of houses of prostitution." By the judgment of the court she was sentenced to pay a fine of $100, and in default thereof to be committed to the city jail for the period of fifty days to satisfy the fine, at the rate of $2 per day. She defaulted in the payment of the fine, and was committed to jail, and was there confined by the chief of police, Thomas Mulholland. Upon her arrest the sum of $100 had been deposited, either by herself or by some one in her behalf, as bail to secure her appearance on the day of the trial. Upon being committed to jail she applied to the district court of Silver Bow county for a writ of *habeas corpus,* and for a writ of *certiorari* in aid thereof, to secure her release. Upon a hearing in that court such proceedings were had that the court made an order discharging her from custody, after dismissing the *certiorari* proceedings. This order was made upon the confession of the chief of police, Mulholland, that the detention of the complainant was illegal. In the meantime the $100 deposited as bail for the appearance of May Fox, the complainant, had been applied by the police court in satisfaction of the fine, and had been paid to the city treasurer. After ordering the discharge of the complainant under the writ, the court made an additional order requiring the city treasurer to refund to the complainant, or to the person presenting receipt therefor, the said sum of $100 deposited as bail for the complainant. Thereupon application was made to this court for this writ, to annul this portion of the order on the ground that it was in excess of jurisdiction.

It is manifest that the order, in so far as it undertook to deal with or make disposition of the deposit made for bail by the complainant, was in excess of jurisdiction. In *habeas corpus* proceedings the only object sought, and the only relief that can

be granted, is the release of the complainant from unlawful custody. The court cannot use the writ for the purpose of review. It had no jurisdiction of the city treasurer, nor of the police magistrate, under and by virtue of which it could direct them, or either of them, to make any disposition of the fund. Nor could the court, under the writ, determine any question with reference to who was entitled to the money.

It must follow, therefore, that, in so far as it undertook to make a disposition of the money, it acted in excess of jurisdiction, and the order is void. To this extent, therefore, it must be annulled. It is so ordered.

*Order annulled in part.*

MR. JUSTICE MILBURN and MR. JUSTICE HOLLOWAY concur.