BOLES, APPELLANT, v. BOLES, RESPONDENT.

(No. 4,390.)

(Submitted June 4, 1921.　Decided June 27, 1921.)

[199 Pac. 912.]

*Husband and Wife—Divorce—Alimony—Minors—Custody—Discretion—Presumptions.*

Divorce—Alimony—Discretion.

　1.　Plaintiff, in an action for divorce on the ground of extreme cruelty, had no property in her own right or means of support and was in ill health; the estate of defendant amounted to approximately $20,000 over and above his just debts and liabilities; the court awarded plaintiff $50 per month permanent alimony. *Held,* in view of the provision of section 3677, Revised Codes, vesting in the district court absolute discretion as to the alimony to be paid by the husband, and the fact that the trial court had jurisdiction to modify its order relating to alimony at any time when considered necessary or desirable, that the decree in this respect was not open to reversal in the absence of a showing of abuse of discretion.

Same—Minors—Custody—Discretion—Presumptions.

　2.　Where the district court found that defendant was a man much attached to his minor children, had at all times provided for them in a suitable manner and taken much interest in their education and general welfare, was a fit and proper person to have their care and custody, that the children had expressed a desire to live with him, and that it was for their best interest that they should be kept and raised together, and therefore awarded their custody to him, subject to the right of the mother to visit them at reasonable times, the presumption obtains, nothing appearing in the record on appeal to the contrary, that the court exercised the discretion lodged in it, and its action will be affirmed.

*Appeals from District Court, Hill County, in the Eighteenth Judicial District; T. A. Thompson, Judge of the Eleventh District, presiding.*

ACTION for divorce, by Eleanor Marie Boles against Charles Boles. From a judgment for plaintiff and an order denying her motion for new trial she appeals. Affirmed.

　1.　On amount of permanent alimony on absolute divorce, see note in 44 L. R. A. (n. s.) 998.

　On power to amend decree of divorce by adding provision for alimony or support of children, see note in L. R. A. 1917A, 325.

　2.　On denial of custody of child to parent for its well-being, see note in 41 L. R. A. (n. s.) 564.

*Mr. Frank E. Carleton,* for Appellant, submitted a brief; *Mr. J. N. Thelen,* of Counsel, argued the cause orally.

It is manifest that when making the award of $50 per month as permanent alimony, the court failed to heed the admonition of section 3679, Revised Codes, and entirely failed to take into consideration the "circumstances of the parties respectively." The court found that the plaintiff has no separate property or means of support, and that the defendant is the owner of property and worth approximately the sum of $20,000 over and above all just debts and liabilities. That the award made, in the face of such a finding, is grossly inadequate, seems to us too evident to merit discussion.

In the case of *Muir* v. *Muir* (Ky.), 4 L. R. A. (n. s.) 909, 92 S. W. 314, the court said: "Alimony given upon a decree of divorce becomes the wife's portion in lieu of dower. (*McKean* v. *Brown,* 83 Ky. 208; *Hawkins* v. *Ragsdale,* 80 Ky. 353, 44 Am. Rep. 483.) Where she is entitled to alimony, it would seem to be improper to give her less, in any event, than what her dower interest in her husband's estate would have been." Where a divorce is granted to the wife, the award of alimony should be in such a sum as to leave the wife in at least as good a position pecuniarily after the divorce as she would have been in as a surviving widow. (*De Ruiter* v. *De Ruiter,* 28 Ind. App. 9, 91 Am. St. Rep. 107, 62 N. E. 100.)

In the case of *Wuest* v. *Wuest,* 17 Nev. 217, 30 Pac. 886, the wife was awarded a divorce on the ground of cruelty and the trial court gave to the wife all of the husband's property and in addition required him to pay the sum of twenty dollars per month for the support of an infant child. On appeal this award was affirmed, the court saying: "The statute contemplates that the division of property shall be graduated, among other matters, by the quality of the offense of the delinquent."

*Mr. Chas. A. Rose* and *Messrs. Norris, Hurd & Hauge,* for Respondent, submitted a brief; *Mr. Edwin L. Norris* argued the cause orally.

MR. JUSTICE GALEN delivered the opinion of the court.

Judgment of divorce was entered in favor of the plaintiff upon the ground of extreme cruelty by the district court of Hill county. Thereby the plaintiff was allowed $50 per month as permanent alimony, and the defendant was awarded the care, custody and control of the children, born as the issue of the marriage, namely: Vesta Marie, aged thirteen years; Jack McCloskey, aged ten years; and Eleanor Usilla, aged eight years; and also Charles Arthur, a legally adopted child, one and one-half years old. The appeal is from the judgment and the order denying plaintiff's motion for a new trial.

Plaintiff assigns four errors, raising but two questions for decision, *viz.:* Did the trial court err (1) in making award of permanent alimony? And (2) in decreeing the care, custody and control of the minor children to the defendant? Both of these questions will be considered together, as both involve inquiry as to whether the district court abused the discretion vested in it by statute, in each instance.

Section 3677, Revised Codes, vests the district court with absolute discretion as to the amount of alimony the husband shall be required to pay, and section 3679 reads as follows: "Where a divorce is granted for an offense of the husband, the court may compel him to provide for the maintenance of the children of the marriage, and to make such suitable allowance to the wife for her support, during her life, or for a shorter period, as the court may deem just, having regard to the circumstances of the parties respectively; and the court may, from time to time, modify its orders in these respects."

With respect to the care, custody and control of the children of the marriage, the court may, before or after judgment, give such direction as may seem necessary or proper, "and may, at any time vacate or modify" its order. (*Id.,* sec. 3678.) In

awarding the custody of minor children, the court is guided by that which appears to their best interests, and the court in making its determination must consider the temporal, mental and moral welfare of the children, and, if they are of sufficient age to form an intelligent preference, their wishes will be considered by the court. Neither parent, irrespective of the ages of the children, is entitled to their custody as a matter of right. (*Id.*, sec. 3783.)

The trial court found that the plaintiff has no separate [1] property or means of support; that the defendant is the owner of property, and is worth approximately the sum of $20,000 over and above just debts and liabilities; and awarded permanent alimony in the sum of $50 per month, to be paid by the defendant the first of each month, beginning November 1, 1918, and to be continued through plaintiff's life or until the further order of the court. With respect to the custody of the minor children, the court found as follows: "The court further finds that the defendant is a man who is very much attached to his children, has at all times provided for them in a suitable manner, and has at all times and does now take a great interest in their education, and their welfare generally; and is a fit and proper person to have their care, custody and control; that all of the children, with the exception of the younger one, to-wit, Charles Arthur Boles, expressed a desire to live with their father and to remain in his care, custody and control; and that it is for the best interests of said children that they be kept and raised together, and that they remain in the care, custody and control of the father, the defendant herein, subject to the right of the mother, the plaintiff herein, to visit them at all reasonable times, and to have said children visit her for a period of one month during any vacation time."

Judgment was entered that the minor children of the marriage and the adopted child be awarded to the defendant, and placed in his care, custody and control, subject to the right of the plaintiff to visit said children at all reasonable times, and subject to plaintiff's right to have the children visit her at

her home for a period of one month during each year in school vacation, and requiring the children to be kept within the state of Montana and the jurisdiction of the court.

The findings and judgment are amply sustained by the record, although it does not appear that the trial court was overly generous in its award of alimony, in view of the ill health of the plaintiff and the financial ability of the defendant. However, this is a matter which may be remedied at any time when considered necessary or desirable, upon a proper application and showing to the district court, under the provisions of section 3677. The same may be said respecting the custody of the minor children. If the welfare of the children appears to require it, the decree in this regard may also be opened up by the district court and set aside or modified as may appear best. It is now binding between the parties, and will only be changed by the court upon a consideration of the best interests of the minor children.

Under our law the district court is vested with legal discre-
[2]  tion in both the award of alimony and the custody of the minor children of the marriage, which will not be interfered with on appeal, unless there has been a manifest abuse thereof. (Nelson on Divorce and Separation, secs. 809, 975; *Cummins* v. *Cummins,* 59 Mont. 225, 195 Pac. 1031; *Blair* v. *Blair,* 40 Utah, 306, Ann. Cas. 1914D, 989, 121 Pac. 19, 38 L. R. A. (n. s.) 269; 19 C. J. 249, 264, 341; 14 Cyc. 805; *Black* v. *Black,* 149 Cal. 224, 86 Pac. 505; *Welch* v. *Welch,* 33 Wis. 534; *Pittman* v. *Pittman,* 3 Or. 553; *Lyle* v. *Lyle,* 86 Tenn. 372, 6 S. W. 878; 9 R. C. L. 285.)

The court granting the divorce is unquestionably the proper tribunal to determine these questions, and our lawmakers have exhibited wisdom in leaving these subjects to the discretionary action of the district court. In consideration of such cases, the court is required to weigh evidence as to the conduct of both parties, the property owned by each, their respective financial burdens, physical strength, earning capacity, moral character and the ages and expressed wishes of the children

over the age of discretion, and that which appears to the best interest of the children, irrespective of the wishes of the parties. The court is further called upon to consider the present and future ability of each of the parents to properly care for, educate and provide for the children, the character and disposition of each of the parents, and many other like considerations, disclosed at the hearing, enter into the final determination.

. In the case before us the presumption is that the district court examined into and weighed all such considerations; and, as nothing appears in the record to in any manner overcome the force of this presumption, the order and judgment appealed from are affirmed.

*Affirmed.*

Mr. Chief Justice Brantly and Associate Justices Reynolds, Cooper and Holloway concur.