AIKEN, Appellant, v. AIKEN, Respondent.
No. 8715
Submitted October 1, 1947. Decided October 10, 1947.
185 Pac. (2d) 294

Messrs. Murch & Wuerthner, of Great Falls, for appellant.

Mr. D. W. Doyle, of Conrad, and Messrs. Swanberg & Swanberg, of Great Falls, for respondent.

MR. JUSTICE ANGSTMAN delivered the opinion of the Court.

In November, 1942, plaintiff, Robert Aiken, was granted a divorce from his wife, Fern Aiken. There were two children issue of the marriage, viz: Jo Ann, then aged seven years and Russell then four years of age. The court found both the husband and wife to be fit and proper persons to have the care, custody and control of the children and awarded the custody of Jo Ann to plaintiff, the father, and Russell to defendant, the mother. Plaintiff was ordered to pay $25 per month for the support of Russell. The decree provided that neither of the children be removed from the state.

In March, 1946, defendant made application for modification of the decree to permit her to take Russell to Denver, Colorado. In support of the motion she filed her affidavit in which she set forth that she has remarried and that her present husband resides at Denver where he has re-enlisted for a three-year period in the armed forces of the United States in the Air Force; that she desires to go to Denver to live with her husband and to take Russell with her.

After hearing, the court entered an order modifying the decree to permit defendant to take Russell to Denver beginning with the school year in the fall of 1946 and to keep him in Denver thereafter during each school year. The court required defendant to furnish bond in the sum of $1,000 conditioned upon the performance by her of all orders of the court in respect to the custody of the child.

The court by its order required defendant to return Russell to plaintiff at Conrad, Montana, within 10 days from the beginning of the school vacation at her expense and ordered plaintiff to return him to defendant at Denver at least 10 days before the beginning of the school year at plaintiff's expense. The court also relieved plaintiff of the requirement of paying $25 per month for the support of Russell.

Plaintiff has appealed from that part of the order allowing defendant to remove Russell from Montana and defendant has appealed from that part of the order allowing plaintiff to have the custody during the vacation period and from that part of the order relieving palintiff of the necessity of paying for Russell's support.

From the evidence adduced at the hearing it appears that defendant's present husband has been in the army of the United States for 12 years and enlisted for an additional three years. He is stationed at Denver where he is attempting to buy a home. He has $3,000 with which to make the down payment, and is earning base pay of $200 per month with overtime for flying and defendant draws $80 per month as an allotment for herself

and child. Jo Ann has been living with plaintiff's parents on a farm at Williams, Montana, where she seems happy. She and Russell naturally are very fond of each other and frequently were together while both were in Montana.

Defendant, before her second marriage, kept Russell with her in an apartment at Conrad where she lived for two and one-half years.

The question of whether a child should be removed from the state by one who has been awarded the custody is one that rests in the discretion of the trial court if there be any evidence sufficient to invoke the discretion. State ex rel. Gravely v. District Court, Mont., 174 Pac. (2d) 565, 568.

This case is governed by the rule which we recognized in the Gravely case, wherein we said: ''This case is not comparable to those wherein the mother is obliged to move to another state because of her subsequent marriage to another who has a home in another state, as in White v. White, 68 Cal. App. (2d) 650, 157 Pac. (2d) 415; Goade v. Goade, 20 Wash. (2d) 19, 145 Pac. (2d) 886, and Kirby v. Kirby, 126 Wash. 530, 219 Pac. 27.''

Here defendant is obliged to make her residence with that of her husband in Denver, Colorado. The court did not abuse its discretion in authorizing her to take Russell with her. True, Russell will be deprived of the companionship of his sister during the school term but in choosing between the companionship of the sister and the mother the court cannot be said to have abused its discretion in saying, in effect, that Russell's welfare will be better promoted by having the companionship of the mother. Plaintiff stresses the fact that defendant's husband did not testify orally or by deposition and that his attitude toward Russell is not known.

The legal custody is with defendant and not with her husband and if her husband does not properly treat the child that might furnish grounds for changing the custody in the future, but we think his silence cannot prevent the mother, who has the custody, from taking the child to the state where she is

obliged to live. Likewise counsel for plaintiff stresses the fact that Russell will be taken from familiar surroundings to live among strangers and that this will not be for his best interest. That, of course, was a circumstance for the trial judge to weigh and which undoubtedly was given due consideration. Some hardships and heartaches always follow from broken homes where there are children. No plan has yet been devised where children from broken homes are unaffected by the breach. The courts must do what seems best in each case. We are not able to say that the court abused its discretion here in allowing Russell to be taken without the state of Montana.

Was the court warranted in requiring defendant to return Russell to Montana for the vacation period? We think in this respect too the court did not abuse its discretion.

Was the court justified in relieving plaintiff from the necessity of paying for the support of Russell while he is in Denver? Defendant testified that she was willing to excuse plaintiff from paying anything for Russell's support as her present husband would support him if she was permitted to take him to Denver. Under the circumstances the court did not err in modifying the decree in this respect.

The order is affirmed.

Associate Justices Choate, Gibson, and Metcalf concur.

Mr. Chief Justice Adair (specially concurring).

The mother's application for permission to remove her infant child to another state was addressed to the sound legal discretion of the district court and its decision thereon ought not to be disturbed except upon a clear showing of manifest abuse of discretion. Boles v. Boles, 60 Mont. 411, 199 Pac. 912, 913; Jewett v. Jewett, 73 Mont. 591, 595, 237 Pac. 702, 704; In re Thompson, 77 Mont. 466, 475, 251 Pac. 163; Damm v. Damm, 82 Mont. 239, 266 Pac. 410, 412; Rogers v. Rogers, 25 Wash. (2d) 369, 170 Pac. (2d) 859. Here there is no showing that the district court abused its discretion in making the order allowing the removal of the child and this is the principle on which the order

should be affirmed rather than because of the mother's "subsequent marriage to another who has a home in another state" as was mentioned by the majority opinion in State ex rel. Graveley v. District Court, Mont., 174 Pac. (2d) 565, 568. Mothers who have not, by contracting a subsequent marriage, provided their offspring with stepfathers, also have the right to have their children accompany them to another jurisdiction when, in the exercise of a sound legal discretion, the court finds that such removal is for the best interests of the children. It is on such principle, rather than on any rule announced by the majority opinion in the Graveley case, supra, that I concur in affirming the order from which appeal was taken.