BENSON, Appellant. *v.* BENSON, Respondent.

No. 8799.

Submitted March 16, 1948. Decided May 15, 1948.

193 Pac. (2d) 827.

440

Mr. James T. Shea and Mr. John Marriott Kline, both of Glasgow, for appellant. Mr. Shea and Mr. Kline argued the cause orally.

Messrs. Slattery & Dempsey, of Great Falls, for respondent. Mr. Dempsey argued the cause orally.

MR. CHIEF JUSTICE ADAIR delivered the opinion of the court.

In September 1945 the district court of Roosevelt county, Montana, granted Mabel M. Benson a decree of absolute divorce from her husband Oscar G. Benson and made therein an order for the custody of the son of the parties, then eight years old, providing that, ''said Mabel M. Benson is hereby granted the exclusive rights to the custody of said son, Oscar Gordon Benson, during the periods of the following respective years, while said son is in grade school attendance; said Oscar G. Benson is hereby granted the exclusive rights to the custody of said son, Oscar Gordon Benson, during the summer vacation periods while said son is acquiring his grade school education; and that the rights to the custody of said son as between his said parents, during the period of years he acquires his high school education shall be dependent upon the then best interests of said son, with due consideration to his then personal desires, and that each of said parents shall have reasonable part time rights to the custody of said son, during each of the years said son acquires his high school education.''

Following the divorce the mother, Mabel M. Benson, and her son went to Missoula, Montana, where Mrs. Benson has since

resided while the father, Oscar G. Benson, resides at Plentywood, Montana.

During the 1945-1946 and the 1946-1947 school years the son resided with his mother in Missoula but spent his 1946 and 1947 vacations with his father in Plentywood.

On August 29, 1947, at the end of the 1947 summer vacation the mother telegraphed the father requesting him to send the son to her by train advising that she would meet the train at Whitefish, Montana upon its arrival there, but the father declined to comply with such request.

On September 9, 1947, the mother, by long distance telephone, again requested the father to send her child to her, but again the father failed and refused to surrender the custody of the boy.

On September 22, 1947, upon the filing in the district court of Sheridan county, Montana of a petition by the mother on behalf of the son, a writ of habeas corpus directed to the father was issued and served commanding that the father have the child before the said district court on September 25, 1947.

On the return day, September 25, 1947, Judge Vernon Hoven, the duly elected judge of the fifteenth judicial district, deeming himself disqualified, called in Judge F. S. P. Foss, the district judge of the seventh judicial district, who assumed jurisdiction and presided in the cause. The father made written return and answer to the writ averring that he has not at any time restrained his son in any way or violated the mandate of the decree of divorce and "that since the said decree rendered * * * that a change of condition has taken place wherein and whereby it is now, and for a long time last past, has been for the best interest and welfare of the said Gordon Benson, that the decree in said cause or by appropriate proceedings in this cause, be modified wherein and whereby the custody of the said Gordon Benson would be lodged in the undersigned, father of said child, and * * * that it will be for the best interest of said child, that such custody be awarded to the undersigned and that it will be to the mental and physical detriment and damage of said child, if he will be obligated to return to the custody of Mabel Benson."

After hearing the evidence introduced by both the petitioner and the father, the trial court made written findings· of fact and conclusions of law. Among other facts the court found that the mother is a fit and proper person to have the custody and control of the child in accordance with the divorce decree, and that said child is being restrained by the father. The trial court also rendered the following written decision:

"In the Court's opinion the adjudication of the judgment heretofore entered in the original divorce proceedings is conclusive so far as the right to the custody of the child is concerned as to every matter or fact which might have been urged against that right, particularly where the custody of the child is awarded in accordance with agreement of the parties. The testimony adduced at this hearing, in this Court's opinion, affirmatively shows no change in petitioner's qualifications as custodian of the minor child since the entry of that decree.

"Considerable weight has been given to the testimony of the minor involved in this action, but our Supreme Court has held that a writ may issue regardless of the wishes of the minor and even against his expressed wishes.

"The Court being of the opinion that the qualifications of the petitioner, not having been changed or altered by reason of the testimony given today, that the Judgment heretofore entered providing for the custody of the child should not be changed or altered and the Writ will issue.

"Let Judgment be entered accordingly."

Upon rendering its decision the court ordered and adjudged that the petition be granted "and that the said child be remanded to the custody of the mother, Mabel Benson."

The father has not complied with such order. Instead he appealed therefrom to this court assigning some two dozen specifications of error in none of which do we find merit.

The district court of Roosevelt county, wherein the action for divorce was commenced and prosecuted to judgment, had original jurisdiction to make and render the decree of divorce (Const. of Montana, Art. VIII, sec. 11; section 8829,

Rev. Codes, 1935). Upon the entry of the decree awarding his custody the child became a ward of the district court of Roosevelt county. Thereafter by express provisions of the Codes the district court of Roosevelt county was and is empowered to give such further direction for the custody and care of the child of the marriage ''as may seem necessary or proper, and may at any time vacate or modify the same'' (sec. 5770, Rev. Codes, 1935).

The district court granting the divorce was vested with legal discretion in awarding the custody of the minor child of the marriage (Boles v. Boles, 60 Mont. 411, 199 Pac. 912, 913) and it is only on a showing of manifest abuse of such discretion that the award made by such court will be disturbed. Damm v. Damm, 82 Mont. 239, 266 Pac. 410, 412; In re Thompson, 77 Mont. 466, 475, 251 Pac. 163; Rogers v. Rogers, 25 Wash. (2d) 369, 170 Pac. (2d) 859.

The district court which renders the divorce decree is empowered to make it effective by compelling performance of its mandates. The most common means employed of enforcing orders in divorce decrees is by contempt proceedings. Such proceedings are merely a step in the original divorce action and incidental thereto and ordinarily no other court, even if it had power to do so, should interfere or take cognizance of such proceedings but should refrain from doing so out of comity.

The general rule followed by the courts in the majority of the states is that where a court grants a divorce and awards the custody of a minor child of the parties, that particular court retains jurisdiction to determine questions of custody of the child until it attains its majority, to the exclusion of all other courts of the same state. See Smith v. Smith, 31 Cal. App. (2d) 272, 87 Pac. (2d) 863; Cohen v. Cohen, 307 Mass. 539, 30 N. E. (2d) 540; In re Krauthoff, 191 Mo. App. 149, 177 S. W. 1112, 1118; In re Morgan, 117 Mo. 249, 21 S. W. 1122, 22 S. W. 913; Salkey v. Salkey, Mo. App., 80 S. W. (2d) 735; Ex parte Crist, 89 Ohio St. 33, 105 N. E. 71; Addams v. State ex rel. Hubbell, 104 Ohio St. 475, 135 N. E. 667; Jones v. Jones, 177 Okl. 181, 58 Pac. (2d) 330; In re Blake, 184 N. C. 278, 114 S. E. 294;

State ex rel. Jiminez v. Sup. Ct. for Spokane County, 24 Wash. (2d) 194, 163 Pac. (2d) 610; Mahan et al. v. Moore et al., 198 Okl. 97, 175 Pac. (2d) 345; Arkoosh v. Arkoosh, 66 Idaho 607, 164 Pac. (2d) 590. This court has adopted and followed the foregoing general rule. State ex rel. Nipp v. District Court of Fergus County, 46 Mont. 425, 128 Pac. 590, Ann. Cas. 1916B, 256.

In the case at bar the custody of the child was and is adjudicated by the decree of September 7, 1945 entered in the divorce action in the district court of Roosevelt county. That decree grants the mother "the exclusive rights to the custody of said son * * * while said son is in grade school attendance." No appeal was taken from the decree and it is binding not only upon the parties to the action but upon the courts as well.

The party seeking to modify the orders set forth in the decree of divorce must apply to the district court of Roosevelt county for relief and not to the district court of Sheridan county, which latter court quite properly held that in the proceeding then before it that "the adjudication of the judgment heretofore entered in the original divorce proceedings is conclusive so far as the right to the custody of the child is concerned."

In refusing to return the son to the custody of its mother at the end of the 1947 summer vacation and in withholding from her the child's custody during the 1947-1948 school year, the appellant has violated the express terms and provisions of the decree of divorce. The appellant is not above the law and his disobedience of the lawful order and mandate of a court of competent jurisdiction must not and shall not be tolerated.

It is therefore ordered that the defendant, Oscar G. Benson, comply with and that he obey the terms, provisions and orders of the decree of divorce entered by the district court of Roosevelt county in cause therein numbered 3778 wherein he is the defendant and Mabel M. Benson is the plaintiff; that respondent's motion for damages based upon the authority of section 9252, Rev. Codes of Montana of 1935, and Rule XIX of this court is granted and that said respondent, Mabel M. Benson, be and

she is hereby awarded the sum of $375 damages against the appellant, Oscar G. Benson, in addition to the costs and disbursements incurred by her in prosecuting said cause in the district court of Sheridan county and in defending this appeal, and that the order of the district court from which the appeal was taken be and it is hereby affirmed.

Associate Justices Choate, Gibson, Angstman and Metcalf concur.

Rehearing denied June 11, 1948.