WELLS, Appellant, v. STANGER, et al., Respondents.

No. 8883

Submitted May 9, 1949. Decided June 29, 1949.

207 Pac. (2d) 549

Mr. J. Chandice Ettien, Philipsburg, argued the cause orally for appellant.

Mr. Edwin T. Irvine, Philipsburg, argued the cause orally for respondents.

MR. JUSTICE FREEBOURN:

This is an appeal from an order of the Honorable William R. Taylor, district judge of the third judicial district of the state of Montana, in and for Granite county, denying the petition in a habeas corpus proceeding for the possession and custody of a minor child.

On July 7, 1948, John E. Wells, plaintiff and appellant, filed a petition for a writ of habeas corpus, showing, among other things: That he was the father of Mary Ellen Wells, a six-year-old girl; that the child's mother, Laura Jean Wells, was petitioner's former wife; that he secured a divorce from Laura

Jean Wells at The Dalles, Oregon, in March 1946; that the decree of divorce made no provision as to the custody of the child Mary Ellen Wells; that in some manner unknown to petitioner, the defendants and respondents, George Stanger and Nellie Stanger had obtained the custody of such child; that although he had demanded they deliver the child to him, such demand had been refused. The prayer was: That defendants be directed to produce the child in court; that the defendants show cause why they detained the child and why they should not deliver such child to petitioner; that the child be taken from the defendants and delivered into the custody and control of petitioner.

A writ of habeas corpus issued. Defendants' return thereto was in the form of an answer and cross complaint to which petitioner filed a reply. The answer alleged, among other things: That the child had been left in defendants' care and custody by the child's mother, Laura Jean Wells; and that defendants were acting as the agents of such mother in caring for the child.

Hearing was had on July 16, 1948, and at the conclusion thereof the court made the following order: "It appearing on the return of the writ of habeas corpus allowed by me that Mary Ellen Wells, born on the 9th day of May, 1943, as the issue of petitioner, John E. Wells, and Laura Jean Wells, his wife, was placed in the custody of George Stanger and Nellie Stanger, defendants above named, on or about the 3rd day of July, 1943, by the said Laura Jean Wells, mother of said child; that the marriage relationship of John E. Wells and Laura Jean Wells, parents of said child, was dissolved by Decree of Divorce, entered in the Circuit Court of the State of Oregon, Polk County, on the 14th day of March, 1946; that a determination or adjudication of the rights of the parents to the custody of said child was not made at said time, for the reason that the Court did not have jurisdiction of the child, and there has not been a determination or adjudication of the rights of said parents to the custody of the child; and the question of the rights of the parents of the said child to her custody is not before the court in this proceeding; that, from the evidence presented at the hearing on the return of the Writ of

Habeas Corpus, the court questions the fitness of either of said parents to have the custody of the said Mary Ellen Wells, but makes no decision on said question for the reason that the rights of the parents to the custody of the child was not before the Court, and a full and complete hearing on such question was not had; that the parents of said child are equally entitled to the custody of said child, and the father, as such, has no rights superior to those of the mother of the child until and unless otherwise determined in an appropriate, legal proceeding; the mother's custody of the child at the time she placed it with George Stanger and Nellie Stanger, was legal, and the said George Stanger and Nellie Stanger are the agents of the mother of said child in caring for her; that George and Nellie Stanger are fit and proper persons to have the custody of the said child and it is for the best interests of the child that it remain in the custody of George Stanger and Nellie Stanger.

"Wherefore, it is ordered and adjudged that the petition for the Writ of Habeas Corpus for the possession and custody of the minor child, Mary Ellen Wells, be denied, and that said child remain in the custody of George Stanger and Nellie Stanger within the jurisdiction of this court until further order of this court."

In appealing from this order four specifications of error are alleged. Specification No. 1 is: "That the court erred in finding an agency relationship existing between defendants and Laura Jean Wells." Oral examination of Laura Jean Wells, the child's mother, produced the following:

"The Court: And when you left Butte for San Diego, in 1943, did you leave the child with the Stangers with the understanding they were to keep it and you were to pay them for it? The Witness: Yes, sir. The Court: And, then, when you were here in September, 1947, you again left the child with them? The Witness: Yes, sir. The Court: And with the same understanding? The Witness: Yes, sir."

Section 5834, R. C. M. 1935, provides: "The father and mother

of a legitimate unmarried minor child are equally entitled to its custody * * *.''

All of the time the child was with the Stangers its mother and father were living separate and apart. They were divorced in March 1946.

Section 5835, R. C. M. 1935, provides: ''The husband and father, as such, has no rights superior to those of the wife and mother, in regard to the care, custody, education, and control of the children of the marriage, while such husband and wife live separate and apart from each other.''

When the mother, Laura Jean Wells, placed the child with the Stangers to be cared for, the mother's custody and possession of the child was legal. This legality of custody and possession passed to the Stangers as agents of the mother.

In the case of In re Thompson, 77 Mont. 466, 251 Pac. 163, 166, a habeas corpus proceeding, where the situation was almost identical with the case at bar, but wherein the mother was petitioner, this court said: ''Under the provisions of section 5834, 'the father and mother of a legitimate unmarried child are equally entitled to its custody.' At the time the father placed the child with the Bruckerts, in order that he might have a home and be properly cared for, the father's custody of the child was legal. His arrangement with the Bruckerts for the care and maintenance of his son was authorized, and their custody and control of the child under such arrangement were lawful. They became, in fact, the agents of the father in caring for the child. When the petitioner made an attempt to take the child from them, as such agents, they were warranted in resisting it, and it was competent for the court to permit an investigation into any facts which would have been available to the father if the attempt had been made to take the child from him, * * *.''

The court, therefore, under the law and facts, did not err in finding an agency relationship existing between defendants and Laura Jean Wells, the child's mother.

Specification of error No. 2 is: ''Though an agency existed between defendant and Laura Jean Wells the court erred in

finding that this was not a proceeding to determine custody of Mary Ellen Wells as between plaintiff and Laura Jean Wells.''

This proceeding for writ of habeas corpus was instituted under section 12348, R. C. M. 1935, providing: ''Every person unlawfully imprisoned or restrained of his liberty, under any pretense whatever, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment or restraint.''

The purpose of the writ of habeas corpus is to determine the legality or illegality of the restraint alleged. August v. Burns, 79 Mont. 198, 255 Pac. 737, 741, was an action wherein the father, George August, asked that letters of guardianship over his daughter, given to Mrs. Burns, be cancelled and he be given custody of the child. It was a direct attack on Mrs. Burns' authority over the child and the custody of the child was directly in issue. Prior to the institution of the action to cancel the letters of guardianship, George August had petitioned for a writ of habeas corpus, alleging unlawful restraint of the child by Mrs. Burns, and asking for custody of the child. The petition in the writ of habeas corpus proceeding was dismissed and the child left with Mrs. Burns when the custody of Mrs. Burns was shown to be legal under the letters of guardianship.

In the action to cancel such letters of guardianship in August v. Burns, supra, this court, in speaking of the habeas corpus proceeding, said: ''The purpose of a writ of habeas corpus is to determine the legality or illegality of the restraint alleged to be exercised. It is available only to those persons, or on behalf of those persons, unlawfully imprisoned or restrained of their liberty (sec. 12348, Rev. Codes 1921; State ex rel. City of Butte v. District Court, 32 Mont. 18, 79 Pac. 409, and is independent of the legal proceeding under which the detention is sought to be justified.) (Citing authorities.)

''In State ex rel. Carroll v. District Court, 50 Mont. 428, 147 Pac. 612, this court assumed, without deciding, that the trial court had jurisdiction in a habeas corpus proceeding to discharge from custody one held under guardianship as an incompetent person, but did so only in order to determine the propriety

of the court's action in other respects. Such jurisdiction does not, in fact, exist. If the return shows restraint under a valid appointment and qualification as guardian, the restraint is legal and not illegal so far as the writ is concerned, and the order of appointment is not open to collateral attack in such proceedings except for want of jurisdiction to render it. (Citing authorities.)

"The district court of Silver Bow county had jurisdiction to appoint guardians. * * * The record further shows that the order of appointment and the letters of guardianship had never been modified or revoked. It is therefore apparent that the court properly dismissed the proceeding and discharged the writ without passing upon the question here presented."

In State ex rel. Thompson v. District Court, 75 Mont. 147, 242 Pac. 959, 961, Justice Holloway, speaking for this court, said: "It must be conceded that a judgment in habeas corpus could not go further than to determine the legality of the custody of the child. It could not obliterate the record made in the adoption proceeding, which is the very end sought to be accomplished by the writ of review. For this reason we hold that the remedy by habeas corpus is not adequate, and that the writ of review was issued properly."

In State ex rel Boone v. Tullock, 72 Mont. 482, 234 Pac. 277, 281, it was said: "The purpose of the writ of habeas corpus is to determine the question: Is the imprisonment or restraint legal?"

Since the custody of the child by the Stangers was legal under the authority and direction of the mother, Laura Jean Wells, the writ was properly discharged when such facts appeared to the lower court.

It is worth noting here that in this court appellant contends that the custody of the child, Mary Ellen Wells, should have been determined as between the father, petitioner, and the mother, Laura Jean Wells, in the habeas corpus proceeding. However, in the lower court, appellant took the opposite position. The following appears in the record of the lower court's proceeding. Counsel for defendants said: "I would like to * * *

make a motion at this time and the purport of my motion is that Laura Jean Gilginas (Wells) be now entered as a party defendant in this matter * * *'' Counsel for petitioner, replying, in part said: ''The Stangers have admitted custody. They have custody of the child. I can't see what part the mother has. It is a separate matter altogether. * * * I object to this motion.''

The court did not err in determining the custody of the child as between petitioner and Laura Jean Wells.

Specification of error No. 3, recites: ''The court erred in finding that it was for the best interest of Mary Ellen Wells that she remain in the custody of defendants.''

Upon the discharge of the writ of habeas corpus it became the duty of the court to determine in whose custody the child should remain until the further order of the court. In determining this matter we are mindful of what was said in Re Thompson, supra, that, ''the welfare of the child is to be regarded more than the technical rights of the parents.'' Also that, ''The duty * * * was a delicate one, lodged with the district judge who heard the matter, and his decision ought not to be disturbed except upon a clear showing of an abuse of discretion. Jewett v. Jewett, 73 Mont. 591, 237 Pac. 702.'' See also: Ex parte Bourquin, 88 Mont. 118, 290 Pac. 250; Benson v. Benson, 120 Mont. 439, 193 Pac. (2d) 827; and State ex rel Veach v. Veach, 122 Mont. 47, 195 Pac. (2d) 697.

As said by Justice Angstman in Haynes v. Fillner, 106 Mont. 59, 75 Pac. (2d) 802, 806: ''In awarding the custody of a child, the paramount consideration is the best interests of the child in respect to its temporal and its mental and moral welfare.''

''The interest of the children is the paramount consideration of the court * * *.'' State ex rel. Floch v. District Court, 107 Mont. 185, 81 Pac. (2d) 692, 695.

The lower court had evidence before it showing that the Stangers had the six-year-old child in their custody for the last five years of its life; that as the child's mother testified, they had ''a very good home'' for it; that they loved it and treated it

as their own child. To leave such child with them until further order of the court was not an abuse of discretion.

Specification of error No. 4 has no merit for reasons already stated herein.

The lower court by its order discharged the writ of habeas corpus and denied the petition of appellant upon finding the custody of the child, by the Stangers as agent of the child's mother, was legal; it left the child where it had been, with the Stangers, until the further order of the court. It left petitioner the right in a proper proceeding to determine his right to the custody of his child.

No prejudicial error being shown the order of the lower court is affirmed.

Mr. Chief Justice Adair and Associate Justices Angstman, Metcalf and Bottomly, concur.