CAMPBELL, Appellant, v. CAMPBELL, Respondent.

No. 9144.

Submitted April 30, 1952. Decided June 30, 1952.

245 Pac. (2d) 847.

Mr. Seth F. Bohart, Mr. Howard M. Lewis, Bozeman, for appellant.

Respondent filed no brief nor made any appearance.

MR. CHIEF JUSTICE ADAIR:

This is an appeal from an order of the district court of Gallatin county, Honorable W. W. Lessley, judge presiding, modifying a final decree of divorce with respect to the provisions thereof governing the custody and control of the infant daughter of the parties.

*Suit for Divorce No. 11736.* In August 1949, Lucille M. Campbell filed Suit No. 11736 for divorce against her husband James C. Campbell charging extreme cruelty and seeking custody of their daughter Sheila M. Campbell, born March 29, 1945.

*Decree No. 11736.* After issue joined and hearing had the court by decree entered October 17, 1949, denied the divorce, —awarded the custody and control of the child to both parents so long as they should live separate and apart, the father to have the child during November 1949 and the mother during the month of December and thereafter to alternate each month until the child reaches school age with the right in each parent to visit the child at all reasonable times,—the father to pay the mother $60 for the child's support for each month the child is in the mother's custody,—the child not to be taken out of the jurisdiction of said court without first obtaining the written consent of the court and it being specifically provided that the court shall retain jurisdiction of the child to make such further orders as it may deem proper for the further care, custody and control of the child.

*First Order of Modification.* On April 6, 1950, after hearing had on application for an order to modify the above decree and after the district judge had visited the ranch home in Gallatin county of the parents of the father James C. Campbell where the child was then residing, and talked with the

child and with its parents and paternal grandparents, an order was made modifying the original decree by providing that the father shall have the exclusive custody of the child and be chargeable with her support and maintenance with the right to keep her at the ranch home of the father's parents in Gallatin county; that the mother shall have the right to visit her daughter at said home at all reasonable times; that when the child reaches the age of ten years she shall have the right to choose whether she shall reside with her father or with her mother and eliminating from the decree the provisions requiring the father to pay $60 per month to the mother for the support of the child during the months the mother had custody.

*Second Order of Modification.* On June 26, 1950, on complaint of the mother that she was experiencing trouble in attempting to visit the child at the ranch home where the father also resided, the court made a second order modifying the decree therein providing that the father shall have the custody of the child and be chargeable for her support when with him at the ranch home of the father's parents; that the mother shall have the right to take the child to her home in Bozeman during one weekend each month from and after July 1, 1950; that the parents shall agree as to the time of taking the child to the mother's home and for the returning of the child to the ranch home and that should the parents not so agree the court shall fix the schedule therefor; that the mother shall have the custody of the child during the two weeks summer vacation allotted by her employer, Montana State College, and be chargeable with the support and maintenance of her child during such time as the child is with her mother.

*Suit for Divorce No. 12004.* On November 15, 1950, James C. Campbell filed suit No. 12004 for divorce against his wife Lucille M. Campbell charging desertion only and seeking the custody and control of the minor child in accordance with the terms and conditions of the court's order of June 26, 1950, in suit No. 11736.

*Decree No. 12004.* By default decree entered December 11,

1950, in suit No. 12004 the husband was granted a divorce solely because of the wife's alleged desertion, which decree incorporated the same provisions for the custody of the child that are set forth in the second order of modification so entered June 26, 1950, in suit No. 11736, such latter decree also providing that the child should not be removed from the state of Montana without the written consent of the judge first obtained.

In October 1950 the father James C. Campbell removed to Billings, Montana, where he obtained employment with a wholesale firm working in its warehouse and in December 1950 he took his daughter to Billings to there live with him.

On May 28, 1951, the mother Lucille M. Campbell filed, in suit No. 12004, a petition to modify the decree therein so far as it provides for the custody and maintenance of her daughter Sheila, alleging, *inter alia,* that by moving to Billings and taking his daughter with him the father had violated the provision of the court's order awarding the mother the custody of the child during weekends; that the mother maintains a comfortable home in Bozeman where the child can be provided with congenial and wholesome surroundings; that it would be for the best interests of the child to be with her mother as such child has attained the age of six years and will be ready for school in the fall of 1951; that she needs the constant attention and care that her mother is able and anxious to provide and that by reason thereof the mother seeks an order modifying the decree so as to give to her the main custody of her daughter.

By his answer to the mother's petition the father denied the material allegations thereof and as an affirmative defense alleged that he and his parents had been continually harassed by the mother who sought to break them financially in defending the litigation which she brought; that the mother is psychologically and mentally unstable and unfit to have the care and custody of her daughter; that she had been denied a divorce and the custody of her daughter by decree in suit No. 11736 because of her unfitness and conduct; that she had failed to answer her husband's complaint in suit No. 12004; that she

had failed to object to her daughter being kept in Billings; that the father had brought the child to Bozeman at least one weekend each month for a visit with her mother and that as the mother was employed during the daytime she would be required to place her child with strangers during that time so that she would not be in a position to give her daughter a better home or more love and attention than the child was then receiving.

*Third Order of Modification.* Upon the issues so presented the mother's petition was heard,—evidence was submitted and briefs were filed by the parties following which the court, on August 6, 1951, made an order wherein after reviewing the evidence submitted, it ordered stricken from the decree of divorce the provisions relating to the care, custody and control of the minor child of the parties and ordered substituted therefor the following provisions, viz.:

"Now, Therefore, It is Ordered, Adjudged and Decreed, that the defendant, Lucille M. Campbell, shall have the full and exclusive care, custody and control of Sheila M. Campbell, the minor child of said parties, during the school year, beginning on August 29, 1951, and ending on June 15, 1952, and on the periods included within the respective dates on each year thereafter until Sheila M. Campbell shall reach the age of ten (10) years, or until further order of this Court, and that the plaintiff, James C. Campbell, shall have the right to visit said child at all reasonable times.

"It Is Further Ordered, Adjudged and Decreed that the plaintiff, James C. Campbell, shall have the full and exclusive care, custody and control of Sheila M. Campbell, the minor child of said parties from the 16th day of June, 1952, until and including the 28th day of August, 1952, and each summer vacation thereafter included within the respective dates above named, until Sheila M. Campbell shall reach the age of ten (10) years, or until further order of the Court, and defendant, Lucille M. Campbell, shall have the right to visit said child at all reasonable times during said vacation period."

It was further ordered that the mother shall be chargeable with the child's support and maintenance all the time the child is with the mother; that the father be chargeable with the support and maintenance of the child all the time she is with him; that the mother shall arrange to have Sheila visit the court at least once every month during the time the child is in the mother's custody; that the mother shall receive authorization from the court as to the persons and places where said child shall be kept when she is not in school or under the personal care of her mother and that neither parent shall remove the child from Montana without first obtaining written consent of the judge of said court for such removal.

From the above special order so made after final decree the father has appealed.

A careful reading of the record reveals that while much of the evidence is conflicting yet there is ample substantial evidence to sustain the findings, conclusions and order of the trial judge, who was personally acquainted with the child, her parents and paternal grandparents and who apparently was at all times doing his utmost to aid and protect the welfare of this child of tender years during the serious and repeated matrimonial quarrels which were waged by the child's parents.

R. C. M. 1947, sec. 21-138, provides: "In an action for divorce the court or judge may, before or after judgment, give such direction for the custody, care, and education of the children of the marriage as may seem necessary or proper, and may at any time vacate or modify the same."

It is well settled in this state that the interest and welfare of the child is the paramount consideration of the court under the provisions of said section. Kane v. Kane, 53 Mont. 519, 524, 165 Pac. 457; State ex rel Floch v. District Court, 107 Mont. 185, 191, 81 Pac. (2d) 692; Pearce v. Pearce, 30 Mont. 269, 271, 76 Pac. 289.

In Jewett v. Jewett, 73 Mont. 591, 595, 237 Pac. 702, 703, the court said: "When a controversy arises between parents over the custody of children, the duty of deciding it is a delicate

one, which is lodged with the district court or the judge thereof. The judge hearing oral testimony, in such a controversy has a very superior advantage in determining the same, and his decision ought not to be disturbed except upon a clear showing of an abuse of discretion." See: Ex parte Bourquin, 88 Mont. 118, 122, 290 Pac. 250; Aiken v. Aiken, 120 Mont. 344, 348, 185 Pac. (2d) 294; Benson v. Benson, 121 Mont. 439, 443, 193 Pac. (2d) 827; State ex rel. Lay v. District Court, 122 Mont. 61, 71, 198 Pac. (2d) 761; Wells v. Stanger, 123 Mont. 26, 33, 207 Pac. (2d) 549; and Elsman v. Elsman, 54 Nev. 20, 31, 2 Pac. (2d) 139, 3 Pac. (2d) 1071, 10 Pac. (2d) 963, 967.

R. C. M. 1947, sec. 91-4515, subd. 2, provides: "As between parents adversely claiming the custody or guardianship, neither parent is entitled to it as of right; but other things being equal, if the child be of tender years, it should be given to the mother; if it be of an age to require education and preparation for labor or business, then to the father." Haynes v. Fillner, 106 Mont. 59, 71, 75 Pac. (2d) 802.

We cannot say that the trial court abused its discretion in making the order so modifying the provisions of the decree insofar as they affect the custody of the minor child and such order is affirmed.

ASSOCIATE JUSTICES METCALF, BOTTOMLY, FREEBOURN and ANGSTMAN, concur.