BARHAM, Respondent, *v.* BARHAM, Appellant.
No. 9241.
Submitted May 28, 1953. Decided July 24, 1953.
255 Pac. (2d) 805.

Mr. Justice Angstman dissented.
Mr. Jerry J. O'Connell, Great Falls, for appellant.

Mr. H. R. Eickemeyer, Great Falls, for respondent.

Mr. O'Connell and Mr. Eickemeyer argued orally.

MR. CHIEF JUSTICE ADAIR:

The question presented by this appeal is whether it was reversible error for the trial court to deny defendant's motion to modify a divorce decree so as to transfer to her the permanent custody of the minor child of the parties.

In a decree entered July 7, 1949, in an action for divorce brought by the plaintiff, Ramon Barham, against his wife, the defendant, Darlene Barham, the district court of Cascade County granted plaintiff an absolute divorce and awarded to him the custody of Ravonda Jean, the infant daughter of the parties born March 21, 1948.

March 29, 1951, by an order that day entered, said district court denied defendant's written motion made six days before seeking an order modifying the decree so as to transfer to defendant the custody of Ravonda Jean. At the time of the making and denial of her motion, defendant was unmarried and steadily employed.

No appeal was taken from either the decree or the order denying defendant's above motion for modification.

On April 19, 1952, the defendant Darlene Barham and one Harold L. Fravel intermarried at Helena, Montana.

On July 3, 1952, the defendant then Darlene Fravel filed a second written motion seeking an order modifying the decree so as to transfer to her the permanent custody of Ravonda Jean. The motion states that it will be based on the minutes of the court, the docket, all papers, files and documents in the action and upon an affidavit of the defendant made and filed in the cause on July 3, 1952.

Upon reading such affidavit the district court issued and caused to be served upon the plaintiff, Ramon Barham, an order requiring him to show cause before the court on a day certain why defendant should not be granted an order awarding to her the permanent custody of Ravonda Jean.

On July 17, 1952, being the return day fixed in said show cause order, a hearing thereon was had before the district court, with the Honorable J. W. Speer, judge presiding, at which the plaintiff was present in person and by his counsel and the defendant was likewise present in person and by her counsel.

At such hearing the defendant and her present husband, Harold L. Fravel, were sworn and testified as witnesses for the defendant and defendant then rested her case, whereupon plaintiff's counsel moved for the dismissal of defendant's motion to modify the decree on the grounds that defendant's proof fails to show and ''there is not a particle of evidence here to show why that decree should be modified'' and because as far as the record here is concerned the child is being well taken care of under a certain written agreement for a property settlement stipulating as to the custody of the child which agreement the defendant, in her above affidavit, deposes that she made and executed after having been served with summons and a copy of the complaint in the divorce action and before the entry of the decree.

The record shows that following the oral arguments of counsel for the respective parties on plaintiff's motion for an order denying and dismissing defendant's motion to modify the decree, the following proceedings were had and done in open court, to-wit: ''Court (after argument of counsel): Well, there is a rather peculiar condition here. Ordinarily, the Court is favorable to giving the mother a child, but here is a case where the mother herself has signed a contract giving the permanent custody to the father. Now, while there is a change in the mother's condition, there isn't anything in the evidence today to show that the condition in the mother had anything to do with the granting or giving of the contract, in the first instance. There is nothing to show the child is not being cared for. There isn't any question the mother would like the child, perhaps, but so would the father. Another thing, there hasn't been anything to show the mother has taken any great interest in the child herself. The evidence shows she hasn't visited it since last Fall. There is another thing that is going to come up in this Court. The present husband is

now a resident of California and he certainly won't have the right to take the child out of the state without some particular showing, so it would look to me they are running into considerable difficulties. I don't think there is anything here, any evidence, to justify a modification of the decree, and it will be denied and the motion dismissed." Compare State ex rel. Graveley v. District Court, 119 Mont. 276, 174 Pac. (2d) 565.

This is an appeal by the defendant from the order denying her motion to modify the decree.

As was said by this court in In re Thompson, 77 Mont. 466, 475, 251 Pac. 163, 166: "The duty of deciding the controversy over the rights to the custody of this child was a delicate one, lodged with the district judge who heard the matter, and his decision ought not to be disturbed except upon a clear showing of an abuse of discretion. [Citing case.]

"The rule which obtains in most of the courts of this country is that, in awarding the custody of a minor, the welfare of the child is to be regarded more than the technical rights of the parents. This rule has been expressly adopted by legislative enactment in this state by section 5878, Revised Codes of 1921 [now R. C. M. 1947, sec. 91-4515], which declares: 'In awarding the custody of a minor, or in appointing a general guardian, the court or officer is to be guided by the following considerations: (1) By what appears to be for the best interests of the child in respect to its temporal and its mental and moral welfare. * * *' "

In McDonald v. McDonald, 124 Mont. 26, 30, 218 Pac. (2d) 929, 931, 15 A. L. R. (2d) 1260, 1264, it is said: "This court is committed to the view that the welfare of the child is the paramount consideration in awarding its custody and that this must of necessity be left largely in the discretion of the trial judge with whose discretion we will not interfere except on a showing of manifest abuse of that discretion. Damm v. Damm, 82 Mont. 239, 266 Pac. 410; Boles v. Boles, 60 Mont. 411, 199 Pac. 912; Jewett v. Jewett, 73 Mont. 591, 237 Pac. 702. And see, Talbot v. Talbot, 120 Mont. 167, 181 Pac. (2d) 148 and Benson v. Benson,

121 Mont. 439, 193 Pac. (2d) 827." Also see Campbell v. Campbell, 126 Mont. 118, 245 Pac. (2d) 847.

The record now before the court contains but twenty-one ▮▮▮▮ ▮▮ written pages. It does not contain the decree, the plaintiff's complaint or any pleading in the action other than defendant's second motion to modify the decree so that the court is not informed as to allegations of the complaint or the grounds on which the divorce was granted or the facts or circumstances which prompted the defendant to agree that the plaintiff should be awarded the care, custody and control of the infant daughter who was then but fourteen and one-half months old. Likewise the record fails to show the facts, circumstances and conditions that caused the learned trial judge to award the infant to the plaintiff father rather than to the defendant mother, but we must indulge the presumption that the trial judge knew and observed the rules prescribed by the legislature for awarding the custody of minors, R. C. M. 1947, sec. 91-4515, and that valid and cogent reasons were shown as to why the best interests of this infant in respect to its temporal and its mental and moral welfare would be and is best served by placing her in the custody of the plaintiff father rather than with the defendant mother.

Only the affidavit of the defendant on which the show cause order of July 3, 1952, issued and the testimony of the defendant and her present husband Harold L. Fravel were before the trial judge when he denied defendant's most recent motion to modify the decree.

We have carefully considered in its entirety the evidence appearing in defendant's transcript on appeal herein and cannot say that the trial judge in any wise or manner abused the discretion reposed in him in making the order denying the motion to modify the decree. On the record presented, this court is not justified in disturbing or interfering with the trial court's order and it is affirmed.

ASSOCIATE JUSTICES BOTTOMLY, FREEBOURN and ANDERSON, concur.

MR. JUSTICE ANGSTMAN:

I concede that in awarding the custody of a minor child the welfare of the child is the paramount consideration, and a wide discretion is vested in the trial court in such matters.

The only question involved on this appeal is whether defendant made out a prima facie case entitling her to a modification of the decree awarding the custody of the minor child to the husband and father. The only evidence introduced was that offered by defendant and appellant. Plaintiff offered no evidence but when defendant rested, he moved for a dismissal of the petition for insufficiency of the evidence to warrant a modification.

I think the evidence was sufficient to make out a prima facie case. Our statute, R. C. M. 1947, sec. 91-4515, in part provides: "In awarding the custody of a minor, or in appointing a general guardian, the court or officer is to be guided by the following consideration: * * *.

"2. As between parents adversely claiming the custody or guardianship, neither parent is entitled to it as of right; but other things being equal, if the child be of tender years, it should be given to the mother * * *."

Defendant had shown that since the custody was awarded to the father she has married a man with a good income and has a good home provided for her in Great Falls. Her husband expressed a desire and willingness to accept the child in the home; at the time of the divorce action defendant was working and hence was unable personally to look after the child; she is not now employed and can look after the child as a normal mother would and should.

Without referring to all of the testimony it is my opinion there was ample evidence to make out a prima facie case requiring the motion to dismiss to be denied.

If the allegations of the complaint in the divorce action, and if more of the facts and circumstances which prompted defendant to agree at the time of the divorce action that plaintiff be awarded the custody of the child are important in this proceed-

ing, as indicated in the majority opinion, then that furnishes an additional reason why the cause should be remanded for further proceedings because the court stated at the hearing, "I am not interested in anything before the last decree" which was shown to be March 29, 1951, when the first order was made denying a modification of the decree.

The result of the majority opinion is to permanently deprive the mother of the right to the custody of her minor daughter because in any subsequent application for modification of the decree the court will be justified in holding her to proof of a change of conditions since the order here in question was made. Jewett v. Jewett, 73 Mont. 591, 237 Pac. 702, which in all probability would be extremely difficult if not impossible.

I think since defendant made out a prima facie case for modification of the decree, the cause should be remanded with directions to set aside the order granting and to enter an order denying the motion to dismiss and allowing plaintiff the right to offer evidence, if any he has, in opposition to the prima facie showing made by defendant.