JEWETT, RESPONDENT, *v.* JEWETT, APPELLANT.

(No. 5,725.)

(Submitted June 19, 1925. Decided June 29, 1925.)

[237 Pac. 702.]

*Divorce — Parent and Child — Awarding Custody of Minor Children — Discretion — Modification of Decree — Power of Trial Court.*

Divorce—Decree Awarding Custody of Minors Subject to Modification.
    1.    While a decree fixing the custody of minor children in a divorce proceeding is final upon the conditions then existing, the court may modify it upon a showing that the then conditions have changed, the welfare of the children being the paramount consideration.

Same—Custody of Minors—Discretion.
    2.    The district judge who hears the testimony in a divorce suit in which the custody of minor children is involved has a superior advantage in determining the controversy, and therefore his decision will not be disturbed on appeal except upon a clear showing of abuse of the discretion lodged in him.

Same—Custody of Minors—Changed Condition of Parties—Modification of Decree—When Proper.
    3.    Where by the decree in a divorce suit defendant husband had been awarded the custody of two children of tender age, the court finding *inter alia* that both parties were proper persons to have their custody, and later the father lost his position necessitating his removal from the state in search of employment, the court was justified in modifying the decree by awarding the custody of the minors to the mother who had remarried in the meantime and was able to furnish them a comfortable home.

Divorce, 19 **C. J.,** sec. 808, p. 349, n. 13; sec. 810, p. 350, n. 38; p. 351, n. 45.
Parent and Child, 29 **Cyc.,** p. 1604, n. 72; p. 1605, n. 73.

*Appeal from District Court, Lincoln County; C. W. Pome-roy, Judge.*

SUIT by Edith Sarah Jewett against Leonard C. Jewett. Subsequent to a decree granting a divorce to defendant, he filed a petition to modify the decree fixing custody of the children. From a decree modifying the decree by awarding their custody to plaintiff, defendant appeals. Affirmed.

1. Denial of custody of child to parent for its well-being, see note in 41 **L. R. A.** (n. s.) 564. See, also, 9 **R. C. L.** 476.

*Messrs. Walchli & Korn,* for Appellant, submitted a brief; *Mr. Hans Walchli* argued the cause orally.

*Mr. H. G. Pomeroy* and *Mr. J. M. Blackford,* for Respondent, submitted a brief; *Mr. Blackford* argued the cause orally.

MR. JUSTICE STARK delivered the opinion of the court.

On June 21, 1920, a decree was duly given and made in the district court of Lincoln county, granting Leonard C. Jewett a divorce from his wife, Edith Sarah Jewett. The parties had two children, Miriam Edna Jewett and Leonard George Jewett, then aged five and four years, respectively. In the decree of divorce the custody of these children was awarded to the father, Leonard C. Jewett, with the provision that plaintiff "shall have the right to visit said children at their home at any reasonable time; and the further provision that, for not exceeding three months in any one year, commencing with the year 1921, plaintiff shall have the right to have the children come and visit her at any place within the state of Montana"; and further, "that said minor children shall, at all times, be kept within the jurisdiction of this court, subject, however, to the right to take them out of the jurisdiction of this court for good cause shown on application to the court therefor." The court made a finding to the effect that each of the parties was a fit and proper person to have the custody of the children. At the time of the entry of this decree, the mother had been separated from her husband for some time, and was dependent upon her own efforts for support and maintenance, and had no established home of her own. The father was then, and for a long time prior thereto had been, employed as a bookkeeper for lumber companies operating at Eureka, where the parties resided, at a substantial salary, had an established

home, and was able to care for and support the children by the employment of a housekeeper, and continued to do so down to the time of the modification of the decree hereinafter mentioned.

On November 1, 1924, the father filed a petition in the divorce proceeding, wherein he set forth, among other things, that during all the times since the date of the decree of divorce he had been employed by lumber companies at Eureka, but "that said lumber industry at Eureka has now ceased, and that your petitioner will soon be out of employment at said place, and it will be necessary for him to go elsewhere to find employment; that he is an expert bookkeeper by trade and profession, and that it will not be possible for him to find suitable work in said locality, and that he expects shortly to leave for and locate at some point on the Pacific Coast, in either the state of Washington or the state of Oregon, in order to obtain suitable employment; that he has no means of supporting himself or said children except through salary received by reason of his employment, and that it will be impracticable to keep said children at Eureka or within the state of Montana, and that it is necessary and to the best interest and welfare of said children that your petitioner be permitted and authorized to take said children with him to the coast or such other point where he may find suitable employment, and that therefore it is necessary and proper that said decree of divorce be modified as hereinafter prayed for"; and asked that an order be issued requiring the mother to show cause why the decree should not be modified by giving to him the exclusive and continuous care, control, and custody of the children, and eliminating therefrom the clause requiring that the children should be kept within the state of Montana.

An order to show cause was issued and served upon the mother, who, in response thereto, filed an answer, and also a counter petition, in which she stated, among other things,

73 Mont.—38

that since the date of the decree she had remarried "and now has a comfortable home, and is equipped to take such children into the said home that they may receive the tender care of the mother; that the husband of this petitioner, John H. Koehler, is employed by the Great Northern Railway Company at a good and substantial salary, and is perfectly able and willing and desires to take such children and to provide for them"; and asked in her own behalf that the decree of divorce be modified so as to give her the exclusive custody, control and education of the children, and requiring that they be kept within the state of Montana.

A hearing was had upon these petitions, as a result of which, on December 31, 1924, an order was duly given and made, awarding the custody of the children to the mother, and providing that the father should contribute the sum of $30 per month for their support, and further providing that during summer vacations the father should have the right to their custody, and also making other provisions giving the father the right to visit the children and the right to have their custody at week-ends once each month.

At the hearing a large amount of testimony was introduced. No useful purpose would be served by attempting to summarize all of it; but, suffice it to say, it was ample to warrant a conclusion that since the date of the divorce decree there had been a substantial change in the situation of the parties, in that, by reason of the contemplated cessation of operations of the industries which had given employment to the father, and his inability to obtain suitable employment in this state, he would be required to, and intended to, remove therefrom and to take up his residence either in the state of Washington or Oregon. It was also sufficient to warrant the conclusion that the situation of the mother had materially changed in this respect; that while, at the time the decree was entered, she had no established home, she had remarried, and her husband had a permanent

situation in Eureka, at a fair salary, and was able and willing to furnish a home for the mother of the children, and was willing and desirous that she should have them with her in their home.

Section 5770, Revised Codes of 1921, provides: "In an action for divorce the court or judge may, before or after judgment, give such direction for the custody, care, and education of the children of the marriage as may seem necessary or proper, and may at any time vacate or modify the same."

While a decree fixing the custody of children is final [1–3] upon the conditions then existing, when it is shown that these conditions have changed, the court or judge then has authority to modify the original decree in respect to them. (*Brice* v. *Brice*, 50 Mont. 388, 147 Pac. 164; 19 C. J. 350, sec. 810; 9 R. C. L. 576.) In proceedings of this nature the welfare of the children is the paramount consideration. (*Kane* v. *Kane*, 53 Mont. 519, 165 Pac. 457.)

When a controversy arises between parents over the right to the custody of children, the duty of deciding it is a delicate one, which is lodged with the district court or the judge thereof. The judge hearing oral testimony, in such a controversy has a very superior advantage in determining the same, and his decision ought not to be disturbed except upon a clear showing of an abuse of discretion.

Upon a careful review of all the testimony in this matter, we are of opinion that the learned judge who heard it was well within his authority when he made the order which he did, modifying the decree, and the same is affirmed.

*Affirmed.*

ASSOCIATE JUSTICES HOLLOWAY, GALEN and MATTHEWS concur.

MR. CHIEF JUSTICE CALLAWAY, being absent on account of illness, did not hear the argument and takes no part in the foregoing decision.