HAZEL M. BAYERS, Plaintiff and Appellant, v. JOHN A. BAYERS, JR., Defendant and Respondent.

No. 9498.

Submitted February 10, 1955. Decided March 24, 1955.

281 Pac. (2d) 506.

2

Messrs. Wood, Cooke & Moulton, Mr. W. H. Bellingham, Mr. B. E. Longo, Billings, Mr. Leif Erickson, Helena, for appellant. Messrs. Hoiness, Anderson & Pette, Mr. Jerome Anderson, Billings, for respondent.

Mr. Erickson and Mr. Anderson argued orally.

MR. JUSTICE ANDERSON:

On June 11, 1952, the Honorable Ben Harwood, in the absence of Judge Derry of department No. 2 of the district court of the thirteenth judicial district of the State of Montana, in and for the County of Yellowstone, entered a judgment of divorce in the cause entitled Hazel M. Bayers v. John A. Bayers, Jr. The judgment, which is now a part of the record before us, shows that Hazel M. Bayers was plaintiff, that the complaint in divorce had been filed and the matter was called on for hear-

ing, that neither the defendant nor anyone in his behalf appeared at the time of the hearing.

The judgment granted to the plaintiff Hazel M. Bayers a divorce and by it she was awarded the permanent custody of Connie Rhea Bayers until said Connie Rhea Bayers obtained six years of age, and that at that time custody is to be divided between the plaintiff and the defendant, plaintiff retaining the custody throughout the school year and defendant having the custody during vacation period. The decree provides that the defendant shall pay for the support and maintenance of Connie Rhea Bayers, the infant, the sum of $50 per month until such time as she reaches her majority.

On July 27, 1954, John A. Bayers filed a petition for modification of the decree of divorce in which he asked that the decree be modified so that the care, custody and control of the infant child would be in him. On August 26, 1954, the matter came on for hearing before the Honorable Guy C. Derry, district judge of the above court. Witnesses were examined. As a result of the said hearing, on September 11, 1954, the Honorable Guy C. Derry made an order in which he decreed that the divorce made and entered in said cause on June 11, 1952, was thereby amended and modified to provide that from and after the 13th day of September 1954 the custody of Connie Rhea Bayers would be in the defendant John A. Bayers, Jr., and was thereby awarded to him subject to the right of the plaintiff of reasonable visitation at all times, to have and to take said child with her for a total period of four days each month, and provided that neither plaintiff nor defendant should remove the child from the State of Montana at any time for any period of time which would in any way interfere with the carrying out of the terms of said decree as amended.

It was further ordered that the defendant would not be required to make payment as by the decree provided.

Hazel M. Bayers appeals from the order above and specifies that the court erred in making the order of September 11, 1954,

4

from which this appeal has been taken, in that the lower court has thereby abused its discretion.

A memorandum of authority appears in the record signed by Judge Guy C. Derry which reads as follows: ''When custody of a child is granted by the court in a divorce action to one of the parties to the action, it is intended that custody shall mean actual custody, care and control by the parties, in their own home. [The record discloses nothing which justifies such an inference.] It is not intended that the care of a child shall be delegated to strangers on a per diem basis. True the plaintiff was and is obliged to work, but she is not compelled to work at employment which takes her away from her child for weeks at a time, and the nature of which requires she be away from the city where the child lives for a large portion of the time, or which will require the removal from the State of Montana, and deprive the defendant of the opportunity to see it. The facts shown in this case justify the conclusion that the defendant is in a better position to supply the child with a normal home life, based on conditions now existing. The court is aware that custody of a child is always subject to change on a showing which justifies such an order, and that this Court cannot make an order which is final. We only hold that the interests and welfare of this 4-year old child are paramount to the natural desires of either parent, and the defendant has shown such a change in conditions since the original decree was made, as to require the order now made.''

The record discloses that it is true the plaintiff was required to work but there is nothing in the record that gives rise to the conclusion that she is not compelled to work at employment which takes her away from her child. The converse is true in that no other rational conclusion could have been reached from the facts which were present at the time of the decree but that plaintiff was compelled to leave the City of Billings, Montana, on occasions in furtherance of her employment.

The record discloses that John A. Bayers, Jr., contributed $50 a month for support of the child here in question. Just how

Hazel Bayers may have been able to support herself and the minor child on this amount without following her employment needs no answer. Hazel Bayers has an older daughter by a former marriage. Hazel Bayers is not steadily employed nor was she at the time of the divorce. Her work is highly specialized and is of a type that may take her from one locality to another, depending upon conditions. Obviously the district judge who granted the divorce decree had knowledge of this as is manifested by his decree which says the child may not be removed from the State of Montana for more than five days without further order of the court. Hazel Bayers complied with the court decree in that on several occasions when she was out of Montana on business she provided for the care of the child here in question and her older daughter by placing them in the care of others during her absence. Nothing in the record suggests that she has or intends to farm out the children on a per diem basis, any more than what may have been expected at the time the divorce decree was granted. The opposite being true, she now hopes her employment will keep her in Montana. She also testified and it is undisputed that if circumstances demand that she move from Montana she will petition the court then to authorize the removal of the child from Montana. The findings by the lower court regarding the possible removal of the child from Montana are premature, and the other findings which appear in the above memorandum, some of which are not borne out by the record, are not sufficient to justify the court in modifying the decree as will hereinafter be pointed out.

The child whose custody is here sought was, at the time of the decree of divorce, approximately two years old, and at the time of the hearing upon the modification of the decree four years old. "The court will take a child of tender years away from the mother to whom it was awarded only for the most cogent reasons." 27 C. J. S., Divorce, sec. 317, page 1190.

R. C. M. 1947, sec. 91-4515, reads as follows: "In awarding the custody of a minor * * * the court * * * is to be guided by the following considerations * * * 2. As between parents adversely

claiming the custody * * * neither parent is entitled to it as of right; but other things being equal, if the child be of tender years, it should be given to the mother * * *.''

In the case of Jewett v. Jewett, 73 Mont. 591, 237 Pac. 702, ██ 703, this court said: ''While a decree fixing the custody of children is final upon the conditions then existing, when it is shown that these conditions have changed, the court or judge then has authority to modify the original decree in respect to them.'' Citing Brice v. Brice, 50 Mont. 388, 147 Pac. 164.

''In custody cases the underlying principle, paramount to all others, is the welfare and best interests of the child. In no way in conflict with this rule is another, equally well established, that once a court has decreed it there may be no change in the child's custody except where adequate cause therefor arises out of changed conditions. This principle is based on the idea not only that the stability of the home life of the children is an important and vital factor, but also that the turmoil of litigation must somewhere end. * * *'' Washburn v. Washburn, 49 Cal. App. (2d) 581, 122 Pac. (2d) 96, 100. The memorandum of the trial judge quoted above shows on its face that he recognized this rule as applicable to this case.

Notwithstanding the gratuitous comment in the case of Wolz ██ v. Wolz, 110 Mont. 458, 102 Pac. (2d) 22, we hold the rule to be the one expressed in the Jewett Case, supra, otherwise either parent of a child or children could constantly harass the other with litigation none of which would be conducive to the best interests of the child. We must presume that District Judge Harwood had all the facts before him when the decree was made, when no showing to the contrary appears.

From the testimony that was adduced by the movant in the present action, it is impossible to determine therefrom that the conditions which were present at the time of the modification of the decree were any different from the conditions that existed at the time the decree was entered, nor would it seem that counsel for the movant predicated his action upon the theory of

changed conditions, which is manifested by the following which appears in the record.

Hazel M. Bayers, when questioned by her counsel, was asked the following questions: "Q. You procured a divorce from the defendant, John A. Bayers, back in June 1952, is that correct? A. That is correct. Q. At the time that this divorce was obtained who had custody or control or possession of or however you want to describe it, of the young daughter of yours?" To which the counsel for the movant objected in the following language: "That is objected as irrelevant and immaterial, the petition filed herein relates to a time subsequent to a period of January 19, 1954, I don't believe it is material, actually as far as that is concerned, inquiring into the facts and circumstances existing prior to the divorce decree." To which counsel for Hazel M. Bayers retorted: "I said at the time." To which counsel for the movant answered, "Or at the time even."

In the instant case, as has been pointed out above, the divorce was granted and the facts leading up to the divorce and that portion of the decree having to do with the custody of the child were heard by and granted by Judge Ben Harwood.

Here it is shown that the modification of the divorce and the facts relating to the modification of the decree were heard by Judge Guy C. Derry. We cannot, under the circumstances here, indulge the presumption that Judge Guy C. Derry was acquainted with the facts presented to Judge Ben Harwood at the time the decree was entered. We must, from the record before us, hold as a matter of law that there were no cogent changes in circumstances shown, if it can be said there were any at all, regarding the custody of the minor child which would justify taking a child of tender years away from its mother.

For the reasons herein announced, the judgment of the district court is reversed with instructions to restore the decretal orders of the original divorce decree.

MR. CHIEF JUSTICE ADAIR, and MR. JUSTICES DAVIS and BOTTOMLY, concur.