JAY E. HOPPE, Plaintiff and Respondent, *v.* ELEANOR HOPPE, Defendant and Appellant.

No. 10155.

Submitted September 19, 1960. Decided October 18, 1960.

356 P. 2d 44.

William R. Taylor, Roy V. Morledge, Jr., Billings, William R. Taylor, argued orally, for appellant.

Larry O. Woods, Fred N. Dugan, Billings, for respondent.

MR. JUSTICE ANGSTMAN delivered the Opinion of the Court.

Plaintiff and defendant, husband and wife, were divorced by decree entered on December 14, 1959. Defendant defaulted in

the action and the decree was accordingly entered on her default. A baby girl, Sheryl Jaye, was born to the marriage on May 28, 1957. At the time of the divorce the custody of the child was awarded to plaintiff, the father. The mother at the time of the divorce was in the hospital undergoing an operation and had been bedridden for a week or more prior to being taken to the hospital. Each of the parties has since remarried. Defendant having remarried on February 25, 1960, and plaintiff prior thereto.

On March 4, 1960, defendant mother made application for modification of the divorce decree so as to award the custody of the baby girl to her subject to reasonable visitation on the part of plaintiff. Her application, after hearing, was denied and this appeal is from the order denying her application. Plaintiff, father of the child, has not appeared in this court and has filed no brief.

On the hearing on her application, appellant submitted proof that since her operation she has been restored to good health and now has a home in which to properly care and provide for her daughter. Her present husband is anxious and willing to have the baby girl in his home and to support and provide for her. Plaintiff was the only witness who testified in his behalf. He furnished no testimony that his present wife was desirous of having Sheryl Jaye live with them or that she would supply the love, affection, care and attention that a child of that age requires and obtains in a normal home from her mother. Plaintiff did testify that he and his wife treated Sheryl Jaye the same as they treated a four year old son of hers by a previous marriage and that his present wife has demonstrated love and affection for Sheryl Jaye. The evidence is not in dispute. Both parties are fit and proper ones to have the custody of the child. There is no evidence to show that either one is not a fit and proper person to have the custody.

We have fairly considered all the evidence but we are unable to agree with the trial judge in denying the motion

to modify the decree with regard to the custody of the child. It should be noted that the grounds of the divorce were mental cruelty charged in the language of the statute without specifying any facts upon which the cruelty was predicated. We find in the evidence that a deep affection exists between the defendant mother and her baby daughter. Her subsequent marriage after the divorce was granted and her restoration to health are sufficient to show a change in conditions justifying the modification of the decree. Bayers v. Bayers, 129 Mont. 1, 281 P.2d 506; and Trudgen v. Trudgen, 134 Mont. 174, 329 P.2d 225.

The rule is statutory in this state that the custody of a child of tender years should be given to the mother, section 91-4515, R.C.M.1947. This is especially true when the child is a daughter. Ex parte Bourquin, 88 Mont. 118, 290 P. 250.

The courts throughout the country recognize the indisputable proposition that there is no substitute for a mother's love, affection, and care of her own offspring. A few of the cases recognizing this rule are Reynolds v. Reynolds, 109 W.Va. 513, 155 S.E. 652; Ross v. Ross, 89 Colo. 536, 5 P.2d 246, 78 A.L.R. 313; Freeland v. Freeland, 92 Wash. 482, 159 P. 698; Goldson v. Goldson, 192 Or. 611, 236 P.2d 314; Averch v. Averch, 104 Colo. 365, 90 P.2d 962.

In the Freeland case, supra, the Supreme Court of Washington said [99 Wash. 482, 159 P. 699]:

"Mother love is a dominant trait in even the weakest of women, and as a general thing surpasses the paternal affection for the common offspring, and, moreover, a child needs a mother's care even more than a father's. For these reasons courts are loathe to deprive the mother of the custody of her children, and will not do so unless it is shown clearly that she is so far an unfit and improper person to be intrusted with such custody as to endanger the welfare of the children."

We recognize the rule that this court will usually follow the ruling of the lower court in these matters where there

is evidence supporting its determination. However, as above pointed out, in this case there is no conflict in the evidence. We believe that all of the evidence supports the mother's right to have the custody of her child and in consequence it is our view that the court abused its discretion in not modifying the decree of divorce so as to award the custody to the mother.

The order appealed from is reversed.

MR. CHIEF JUSTICE HARRISON and MR. JUSTICES BOTTOMLY, ADAIR and CASTLES concur.