BRUCE T. SIMON, Plaintiff and Respondent, NANCY COL-
LEEN SIMON, Defendant and Appellant.

No. 11636.
Submitted Sept. 19, 1969.
Decided Nov. 12, 1969.
461 P.2d 851.

194

Sandall, Moses & Cavan, Charles F. Moses, Billings (argued), for defendant and appellant.

Crowley, Kilbourne, Haughey, Hanson & Gallagher, George C. Dalthrop, (argued), John M. Dietrich, Jr., Billings (argued), for plaintiff and respondent.

MR. CHIEF JUSTICE JAMES T. HARRISON delivered the Opinion of the Court.

This is an appeal from an order denying defendant's petition wherein she sought to be awarded the custody of two minor children.

From the record it appears that a divorce action was instituted by the plaintiff, Bruce T. Simon, in 1966, and on January 4, 1967 plaintiff was granted a decree of divorce and defendant, Nancy Colleen Simon, was pursuant to an agreement of the parties approved by the court, granted custody of the two minor children. Thereafter plaintiff filed a petition for modification of the divorce decree, an order to show cause was issued to the defendant, and the matter heard on December 5, 1967. Following this hearing the district court entered an

order awarding custody of the children to the plaintiff. Defendant filed notice of appeal on December 8, 1967. On July 15, 1968, defendant requested dismissal of her appeal and it was dismissed. Immediately thereafter, and on July 31, 1968, defendant verified a petition for modification of the decree, seeking custody of the children. This petition was not filed in the district court until September 6, 1968. An order to show cause was issued to the plaintiff and the petition was heard by the court in September. Further evidence was presented in November and on December 9, 1968, the district court by order continued the custody in the plaintiff and this appeal followed.

Defendant sets forth three issues on this appeal. (1) That the district court decision is contrary to the extent case law and statutory provisions of the state of Montana, (2) That the evidence does not support the court's order, (3) That for these reasons there has been an abuse of discretion constituting reversible error.

Plaintiff states the sole issue is whether there was credible testimony to uphold the court's finding that there has been no material change in circumstances since the prior hearing warranting a change in custody.

At the outset it should be noted that the same judge presided at all hearings in connection with these applications for modification of the custody decree. No purpose would be served by setting out in detail the testimony received by the court in these hearings. The first hearing can be summed up by quoting the judge's remarks at the conclusion of the two day hearing on the first modification petition. In the presence of all parties he said:

"Now, the question of whether the Defendant, Mrs. Simon, is a fit and proper person to have the care and custody of these children is not entirely a question of whether or not she has properly taken care of them during their waking hours. Much of the time they have been in the care of their grand-

mother and great-grandmother, at other times they have been in the care of the paternal grandparents, but the problem is to say whether or not in view of the undisputed testimony here as to the conduct, the night hours, the associations of Mrs. Simon, the Defendant, are such that a Court could conscientiously say that she is a fit and proper person, and again, too, the standards to which she adheres are not those that I can approve."

The court then directed that the decree be modified so as to give custody of the children to the plaintiff, and such an order was entered on December 6, 1967, and filed the following day.

As before related, defendant appealed but later requested that her appeal be dismissed. In such a situation defendant stands in the same position as one who failed to appeal. What this Court said in Butler v. Brownlee, 152 Mont. 453, 451 P.2d 836, 26 St.Rep. 90, is therefore applicable.

"A judgment not appealed from is conclusive between the parties as to all issues raised by pleadings actually litigated and adjudged as shown on the face of the judgment and reasonably determined in order to reach the conclusion announced. Doull v. Wohlschlager, 141 Mont. 354, 377 P.2d 758; Missoula Light & Water Co. v. Hughes, 106 Mont. 355, 77 P.2d 1041."

In other words, the court found defendant not to be a fit and proper person to have the custody of her children, and that finding is conclusive between the parties.

This is not to say however that such finding may not be again inquired into insofar as the welfare of the children are concerned. In Anderson v. Anderson, 145 Mont. 244, 400 P.2d 632, we stated:

"Both the mother and the father are entitled to the custody of the children as a matter of right. (R.C.M.1947 § 61-105). When awarding the custody of a minor child the court is to be guided '1. By what appears to be for the best interests of the child in respect to its temporal and its mental and moral

welfare,' and '2. As between parents adversely claiming the custody or guardianship, neither parent is entitled to it as of right; *but, other things being equal,* if the child be of tender years, it should be given to the mother; if it be of an age to require education and preparation for labor or business, then to the father.' (R.C.M.1947, § 91-4515.) Emphasis supplied. This primary concern for the best interests of the child in custody and adoption proceedings has been repeatedly expressed by this court. (In re Thompson, 77 Mont. 466, 251 P. 163.; Haynes v. Fillner, 106 Mont. 59, 75 P.2d 802; McDonald v. McDonald, 124 Mont. 26, 218 P.2d 929, 15 A.L.R.2d 1260; Campbell v. Campbell, 126 Mont. 118, 245 P.2d 847; Barham v. Barham, 127 Mont. 216, 259 P.2d 805.)

"What is, or is not, in the best interests of the child depends upon the facts and circumstances of each case. (Trudgen v. Trudgen, 134 Mont. 174, 329 P.2d 225; Haynes v. Fillner, supra; Riley v. Bryne, 145 Mont. 138, 399 P.2d 980.) Furthermore, the question of what is in the best interests of the child under these facts and circumstances is a question to be resolved by the district court. In the McDonald case, supra, 124 Mont. at p. 30, 218 P.2d 931 the court stated:

" 'This court is committed to the view that the welfare of the child is the paramount consideration in awarding its custody. and that this must of necessity be left largely in the discretion of the trial judge with whose discretion we will not interfere except on a showing of manifest abuse of that discretion. [Citing cases.]' "

We have repeatedly held that custody of minor children should not be changed unless it can be shown that there was a substantial change in circumstances since the previous order was entered. As we set it forth in Trudgen v. Trudgen, 134 Mont. 174, 329 P.2d 225:

"It is the rule in this jurisdiction that while 'a decree fixing the custody of children is final upon the conditions then existing, when it is shown that these conditions have changed, the

court or judge then has authority to modify the original decree in respect to them * * * In proceedings of this nature the welfare of the children is the paramount consideration.' Jewett v. Jewett, 73 Mont. 591, 595, 237 P. 702, 703.

"This rule was stated for the full court more than a quarter century ago and was reiterated in Bayers v. Bayers, supra, 129 Mont. [1] at page 6, 281 P.2d [506] at page 509, where it is pointed out that 'otherwise either parent of a child or children could constantly harass the other with litigation none of which would be conducive to the best interests of the child.' Welfare of children is likewise given as the paramount consideration in Wolz v. Wolz, 110 Mont. 458, 102 P.2d 22, so that in principle the ruling in the Jewett case, the dicta in the Wolz case, and the opinion in the Bayers case are in accord. The facts of the present appeal in themselves confirm the wisdom of the rule. Furthermore, 'Each case must be decided on its own peculiar facts and circumstances.' Haynes v. Fillner, 106 Mont. 59, 71, 75 P.2d 802, 806.

" 'There must be a substantial change of circumstances. * * * There is no fixed standard to determine * * * such substantial change * * * the welfare and best interests of the child are the primary concern * * * the substantiality of the change of circumstances is tested with respect to the child's welfare rather than the parents' welfare.' 17A Am. Jur., Divorce and Separation, § 839, page 32. See also 27 C.J.S. Divorce § 317b, p. 1188."

See also, Altmaier v. Altmaier, 135 Mont. 404, 340 P.2d 829.

This Court is well aware of section 91-4515, R.C.M.1947, which provides in pertinent part:

"In awarding the custody of a minor * * * the court * * * is to be guided by the following considerations: * * *

"2. As between parents adversely claiming the custody * * * neither parent is entitled to it as of right; but other things being equal, if the child be of tender years, it should

be given to the mother, if it be of an age to require education and preparation for labor or business, then to the father. * * *"

We also have in mind that in the case of Cleverly v. Stone, 141 Mont. 204, 378 P.2d 653, we quoted from Jewett v. Jewett, 73 Mont. 591, 237 P. 702, these words:

"When a controversy arises between parents over the right to the custody of children, the duty of deciding it is a delicate one, which is lodged with the district court or the judge thereof. The judge hearing oral testimony, in such a controversy has a very superior advantage in determining the same, and his decision ought not to be disturbed except upon a clear showing of an abuse of discretion."

With these guidelines in mind, what changes did defendant allege had occurred to require a change in the custody order?

In her petition she stated that the paternal grandparents were caring for the children since plaintiff was in Montana State University at Bozeman; that the little girl had not attended nursery school but had been baby sat, had no children to play with; that plaintiff was planning on marriage (he was married on August 10, 1968 but as before related this petition was verified in July of 1968) and that he would not be able to give the time and attention the children need and require.

Some similar matters were brought out in the testimony but all were carefully gone into in the court, witnesses produced and examined as to every facet questioned and little merit appeared to the various charges made by defendant. About all that could be said was that defendant claimed plaintiff was not caring for the children in the manner she would. Of course defendant's present contentions must be viewed in connection with the care she gave the children when she had them in her custody and about which the district judge commented: "Much of the time they have been in the care of their grandmother and great-grandmother, at other times they have been in the care of the paternal grandparents * * *."

Since plaintiff had remarried at the time of the hearing in December 1968, both parties consented that the court might request the Child Welfare Division of the Department of Public Welfare in Bozeman to investigate and report on the home of plaintiff and his present wife at Bozeman. This investigation was made and the report was extremely favorable to plaintiff and his present wife.

While some minor conflicts appear in the evidence, the district judge felt that the best interests of the children would be served if they were left in the care, custody and control of the plaintiff-father. We see no reason to disturb his judgment. Certainly nothing in the way of credible evidence of changed circumstances appears in the record and it cannot be said that the district court abused its discretion in retaining custody of these children in their father.

The order of the district court is affirmed.

MR. JUSTICES CASTLES, JOHN C. HARRISON and HASWELL, and the HONORABLE THOMAS DIGNAN, District Judge, sitting in place of MR. JUSTICE JOHN W. BONNER, concur.