No. 12160

IN THE SUPREME COURT OF THE STATE OF MONTANA

1972

---

BONNIE E. McCULLOUGH,

Plaintiff and Respondent,

-vs-

RICKEY P. McCULLOUGH,

Defendant and Appellant.

---

Appeal from:  District Court of the First Judicial District,
Honorable W. W. Lessley, Judge presiding.

Counsel of Record:

For Appellant:

Harris, Jackson and Utick, Helena, Montana.
Hollis A. Connors argued, Helena, Montana.

For Respondent:

C. W. Leaphart, Jr. argued, Helena, Montana.

---

Submitted:  April 19, 1972

Decided:  JUN 3 0 1972

Filed:  JUN 3 0 1972

*Thomas J. Kearney*
Clerk

Mr. Chief Justice James T. Harrison delivered the Opinion of the Court.

This is an appeal by defendant from an order of the Lewis and Clark County district court modifying a decree of divorce so as to grant plaintiff the care, custody and control of a minor child. The appeal was taken after an order denied his motion for a new trial.

From the record it appears that a divorce action was commenced by plaintiff Bonnie E. McCullough in August, 1968, and on September 27, 1968, she was granted a decree of divorce from defendant Rickey P. McCullough. The divorce decree contained custody provisions for the parties' three-year-old son, Burke McCullough, in accordance with a contractual agreement and property settlement entered into by the parties on August 9, 1968, and modified by addendum of September 19, 1968. The decree granted the physical care, custody and control of Burke to plaintiff's sister, a married woman residing in Helena. The district court awarded legal custody to the father.

As part of its decree, however, the district court made particular mention that the plaintiff retained her right to petition the court for modification of the custody provisions upon change of circumstances.

Subsequently, plaintiff did petition the district court in April, 1971, seeking a modification of the divorce decree so as to place the care, custody, control and education of Burke McCullough in plaintiff, the natural mother of the minor child. Plaintiff's petition alleged change of circumstances in that she had remarried and was able to take care of her minor son and rear him in a stable home. Defendant father then filed a cross-petition stating that it would be in the best interests of the

- 2 -

minor child to award physical custody as well as legal custody to him.

Hearing on the petitions was had on May 19, 1971. The district court took the matter under advisement and then rendered its order on June 29, 1971, by which the divorce decree was modified to grant the care, custody and control of Burke McCullough to his mother.

Defendant took exception to the court's findings and moved for a new trial on July 12, 1971. He substituted new attorneys in his behalf and disqualified the trial judge prior to the hearing on his motion. The motion for new trial was heard on August 16, 1971, and upon consideration of the pleadings, transcript of the child custody hearing, and arguments of counsel, the motion was denied. This appeal followed.

At the outset, it should be noted that the record reflects a change in circumstances for each of the parties following the divorce decree. Each of them naturally desires the full custody and companionship of the minor child. The record nowhere indicates any dissatisfaction with the manner of care given the child by plaintiff's sister.

The record does show the remarriage of plaintiff to one Dr. John G. Fisher on June 9, 1970. Dr. Fisher is a medical doctor with a specialty in adolescent psychiatry. He was associated with hospitals in Denver, Colorado at the time of plaintiff's petition. Plaintiff and her husband had maintained a home in Denver for almost a year immediately preceding her petition.

Plaintiff petitioned for custody at this time because Burke was now six years old and would enter school in fall, 1971. She testified that she had quit her job in Denver just prior to the hearing; thus, she would be able to take care of Burke in

her home if she were awarded custody.

It appeared on cross-examination of plaintiff that at the time of her divorce she had been using drugs. Plaintiff also testified, however, that the drugs were nonaddictive and that she had not used any for more than two years immediately preceding the hearing.

The testimony of plaintiff's mother indicates she had observed plaintiff radically change following her divorce into a mature, stable adult capable of rearing her son.

Following the hearing, the court talked privately with plaintiff's sister about the minor child and the conditions of custody. Furthermore, the district judge caused an investigation of plaintiff's home to be made by the Welfare Department in Denver.

On the other hand, defendant's testimony shows that he has worked and resided in Helena and has spent time with his son almost every weekend following the divorce. Defendant, too, has remarried. His present wife testified that she was willing to give up her employment if custody were awarded to defendant and that she had much affection for the child already. On cross-examination, though, she found no fault with plaintiff seeking custody of plaintiff's own child.

On the basis of these facts contained in the record, together with information resulting from its own inquiry, the district court found "that the present home atmosphere of the plaintiff is one of stability" and concluded "that these surroundings will be in the best interests of the child."

Defendant advances three issues on this appeal:

(1) That the evidence does not support the district court's

order;

(2) that the decision of the district court is contrary to the case law and statutory provisions of Montana;

(3) that the district court abused its discretion and committed reversible error in awarding custody to plaintiff.

Plaintiff contends there is only one issue on this appeal: whether or not the district court abused its discretion in modifying the custody.

In resolving the issues here presented, it is first necessary to review the applicable statutory provisions. Section 21-138, R.C.M. 1947 states in pertinent part:

> "In an action for divorce the court or judge may * * * give such direction for the custody, care, and education of the children * * * as may seem necessary or proper, and may at any time vacate or modify the same." Emphasis supplied.

Section 91-4515, R.C.M. 1947 states that in awarding the custody of a minor, the court is to be guided by the following considerations:

> "1. By what appears to be for the best interests of the child in respect to its temporal and its mental and moral welfare * * *
>
> "2. As between parents adversely claiming the custody * * * other things being equal * * * it should be given to the mother * * *."

We have repeatedly recognized that the welfare of the child is to be given prime importance in custody proceedings. This Court stated in Haynes v. Fillner, 106 Mont. 59, 75 P.2d 802:

> "In awarding the custody of a child, the paramount consideration is the best interests of the child in respect to its temporal and its mental and moral welfare." See also Cleverly v. Stone, 141 Mont. 204, 378 P.2d 653.

And again in Simon v. Simon, 154 Mont. 193, 197, 461 P.2d 851, the Court said:

- 5 -

>    "'What is, or is not, in the best interests
>     of the child depends upon the facts and cir-
>     cumstances of each case.'"

Of particular importance in considering a modification
of custody is the presence of a change in circumstances affecting
the parties.  This Court noted in Simon:

>    "We have repeatedly held that custody of minor
>     children should not be changed unless it can
>     be shown that there was a substantial change
>     in circumstances since the previous order was
>     entered."

Here the record is replete with evidence of substantial
change on the part of plaintiff mother.  Not only had she re-
married and quit her job, thus allowing herself ample time to
give her child the attention he needs, but her very life-style
had also changed.  Her emotional difficulties were part of her
past.  The evidence shows that plaintiff succeeded in her efforts
to rehabilitate herself.

Certainly it is true that the record in this case shows
a change of circumstances on the part of defendant husband as
well.  We must be mindful, however, that the district court both
heard and observed the witnesses; it discussed the custody of
the child in chambers with plaintiff's sister; it had access to
the reports of the welfare investigation.  As we stated in Jewett
v. Jewett, 73 Mont. 591, 595, 237 P. 702:

>    "When a controversy arises between parents over
>     the right to the custody of children, the duty
>     of deciding it is a delicate one, which is lodged
>     with the district court or the judge thereof.
>     The judge hearing oral testimony, in such a con-
>     troversy has a very superior advantage in deter-
>     mining the same, and his decision ought not to
>     be disturbed except upon a clear showing of abuse
>     of discretion."

Here, the evidence supports the ruling of the district
court.  That ruling is soundly based upon the applicable statutes

- 6 -

and case law.  There was no abuse of discretion.

Accordingly, the order of the district court is affirmed.

_____
                                                Chief Justice

We concur:

_____

_____

_____

_____
Associate Justices