No. 12429

IN THE SUPREME COURT OF THE STATE OF MONTANA

1974

---

DONNA J. TURK,

               Plaintiff and Appellant,

-vs-

HENRY V. TURK,

               Defendant and Respondent.

---

Appeal from:  District Court of the Eighth Judicial District,
            Honorable R. J. Nelson, Judge presiding.

Counsel of Record:

    For Appellant:

        Dola N. Wilson argued, Great Falls, Montana

    For Respondent:

        Jardine, Stephenson, Blewett & Weaver, Great Falls,
         Montana
        James E. Aiken argued, Great Falls, Montana
        Dzivi, Conklin, Johnson and Nybo, Great Falls,
         Montana

        Amicus Curiae
        Neil E. Ugrin argued, Great Falls, Montana

---

                     Submitted:  January 16, 1974

                     Decided: **FEB - 7 1974**

Filed: **FEB - 7 1974**

*Thomas J. Kearney*
                Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This appeal results from a denial of a petition to modify a custody award of children by the district court of the eighth judicial district, county of Cascade.

Donna Turk (Fitzgerald) appellant and Henry Turk respondent were divorced in October 1967. The two children of the marriage, Vincent and Verna, were awarded to appellant. In August 1968, respondent petitioned the court to modify the decree with respect to the custody of the two children. In his petition he alleged that appellant had given him the children on July 8, 1968. He further alleged appellant had proven herself an unfit person to have the care and custody of the children. Following hearing, at which both parties appeared with counsel, the court awarded respondent custody of the children.

Following his divorce from appellant, respondent married a woman with two children and they later had one child. In addition, respondent had taken into his home to raise a boy, Andy Hawkinson Turk, who had been abandoned by his mother seven years before. Respondent classified himself as a farmer and a linesman. He had a small farm in the vicinity of Fairfield, Montana, where the family lived. He worked full time as a linesman for the Hartz Construction Company. The farm consisted of 160 acres plus 60 leased acres, on which the family raised some 60 head of sows, 20 head of milk cows, 80 head of sheep and some horses.

Appellant, following her divorce from respondent, married one Ronald Fitzgerald and at the time of her petition had two small children by Mr. Fitzgerald. Problems developed between the parties as to visitation rights of appellant, which caused appellant to petition the district court for the custody of the children, alleging she had reestablished a home where they could now be properly cared for. Hearing was had on June 29, 1972.

At the hearing considerable evidence was introduced concerning appellant's allegations that respondent was a severe disciplinarian and abused the boys by making them do farm chores

when they should have been in school. The disciplinary matter arose when the boys got involved in taking some ice cream from a truck. This was talked about in the community resulting in reports to law enforcement people and to the welfare department. In addition, at the hearing, the school records of all the Turk children were discussed and it was charged that the boys missed or were late for school far too often for their scholastic welfare. A thorough airing of the allegations raised by appellant was had at the hearing. There was testimony of neighbors, local law enforcement officers and school personnel.

A Mrs. Rita Bond, an employee of the school, who saw the children each day of school, described the children as "adjusted and happy and very capable children". Based on her observations at school, she testified they were well behaved and she had never seen any of them beaten or abused. Frank Allum, who had worked for the Turks in 1971 and 1972, never saw the children abused or overworked and, in his opinion, the children were loved by their parents. Respondent's supervisor testified Turk was a fine employee with no reputation for cruelty or hot temper. Hugh Maxwell, a neighbor, testified the family was a well adjusted happy family and that all the children seemed to be one big family. He described the parents as "generous, kindhearted people."

At the hearing testimony was heard from respondent's witnesses as to conditions in the Turk home, the work of the children around the ranch, their school records and the disciplinary actions taken by respondent when he learned of the ice cream incident. All of this testimony was before the trial judge for consideration when he issued an order providing that: (1) pending a further order of the court Vincent and Verna were placed in the care, custody and control of Donna Fitzgerald; (2) the matter was referred to the Cascade County Court of Conciliation directing it to (a) make a complete investigation of the background, family situation,

and all related matters as to the named minor children, (b) make psychological testing of all the children and adults involved, and (c) that all parties were to cooperate in the investigation and testing; (3) a report to be made to the Court following the investigation and testing.

Thereafter an informal hearing was held on September 8, 1972, before the Court of Conciliation with all parties present with counsel. Dr. Edward Shubat, a clinical psychologist, gave testimony on his findings obtained by interviews and tests. He concluded that both homes were fit and proper homes to raise the children but that for the best interests of the children they should be kept together as a family unit in the Turk home, with visitation rights to appellant. Thereafter, on September 11, 1972, the trial court returned Verna and Vincent to respondent with reasonable visitation rights in appellant. Appellant appeals and raises three issues:

1. That the evidence does not support the district court's order.

2. That the decision of the trial court is contrary to the case law and statutory provisions of Montana, and

3. That the district court abused its discretion and committed reversible error in awarding custody to respondent, Henry Turk.

Issues one and two will be discussed together.

There was substantial and credible evidence presented to the trial court for its holding. In addition, Judge Nelson utilized para legal facilities available to him, through the Court of Conciliation, to make independent investigations of the conditions in both homes, and use psychological tests to assist him in arriving at a proper solution of the problem, a solution that would be in the best interests of the children.

In a long series of cases this Court has adhered to the principle in custody cases that the discretionary power of the trial court will not be disturbed unless there is a clear showing

- 4 -

of an abuse of that discretion. Jewett v. Jewett, 73 Mont. 591, 237 P. 702.

Too, it has long been recognized as the law of this state that the Court considers of prime import the welfare and best interests of the children. McCullough v. McCullough, 159 Mont. 419, 498 P.2d 1189; Simon v. Simon, 154 Mont. 193, 461 P.2d 851. Appellant argues that in a recent case, Baertsch v. Baertsch, 155 Mont. 98, 467 P.2d 142, the decision hinged on a "single incident" of a mother's violent temper as the controlling factor in support of the district court's ruling that it was such a "change of conditions" that it justified the modification as to custody of a child. Not so! To construe Baertsch as appellant would have us do would be to limit the trial court's discretionary power. Baertsch is factually not comparable to the instant case. Here, the evidence was both homes offered an acceptable home situation, contrary to the findings in Baertsch.

We find no merit in issues one and two.

Appellant in issue three, attacks the use by the trial court of the post hearing investigative procedure, including an informal hearing before the Court of Conciliation. We do not find merit in this contention. The record is bare as to any objections on appellant's part to Judge Nelson's post hearing effort to obtain as much information as possible by investigative and testing procedures before making his final order on custody.

Neither did appellant object to the court making the report of the Court of Conciliation a part of the record. It would appear from the record that appellant chose to go along with all the post hearing efforts believing the decision would be in her favor, and only when the final order was made did she object.

The time for objection was before the trial court's final order. It cannot be considered for the first time on appeal. Close v. Ruegsegger, 143 Mont. 32, 386 P.2d 739; Teesdale v. Anschutz

Drilling Co., 138 Mont. 427, 357 P.2d 4; Carpenter v. Free, 138 Mont. 552, 357 P.2d 882.

The order of the district court is affirmed.

_____
                                    Justice

We Concur:

_____
   Chief Justice

_____

_____

_____
   Justices.