No. 12661

IN THE SUPREME COURT OF THE STATE OF MONTANA

1974

---

DANIEL J. GILMORE,

Plaintiff and Respondent,

-vs-

RENEE GILMORE, now known as
RENEE BOEHM,

Defendant and Appellant.

---

Appeal from: District Court of the First Judicial District,
Honorable Peter M. Meloy, Judge presiding.

Counsel of Record:

For Appellant:

Smith and Harper, Helena, Montana
Charles A. Smith, III argued, Helena, Montana

For Respondent:

Charles E. Petaja argued, Helena, Montana

---

Submitted: September 17, 1974

Decided: JAN - 8 1975

Filed: JAN - 8 1975

Thomas J. Kearney
Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

This is an appeal from an order of the district court, Lewis and Clark County, awarding custody of three minor children to the father, Daniel J. Gilmore, who brought the action in the district court to affirm an order by a North Dakota district court awarding him custody of the three minor children. The North Dakota court also awarded the father child support from the mother. Both parties and the North Dakota Court have consented to the jurisdiction of the Montana court

The mother appealed the order of the Lewis and Clark County district court, and counterpetitioned requesting modification of the of the custody award to grant her custody of her three minor children, Robert, Brett, and Brandie, and reasonable child support. The district court denied the mother's counterpetition and held the father was entitled to continue having custody and control of the three minor children.

Appellant and respondent were married for six years and the three minor children were the issue of that marriage. Their ages are 7, 5, and 3. The parties were divorced on June 19, 1972, in Bismarck, North Dakota, at which time the North Dakota court awarded the custody of the children to the father. The father now works at the Helena K-G Men's Store, earning $900 per month plus bonuses. He works four days a week from 9:30 a.m. to 9:00 p.m., and on Saturdays from 9:30 a.m. to 6:00 p.m. He has a licensed day care center to provide for the children during the weekdays. On weekends and nights out, he has a babysitter watch the children.

In January 1973, the mother was remarried to a 23 year old employee of the Billings K-G Men's Store, earning $450 per month. At the time of the instant action, she was planning to quit her job; she was four months pregnant; and she and her husband were in the process of purchasing a new three bedroom mobile home.

- 2 -

At the time of the divorce, the mother agreed the father should have custody of the children because she was financially unable to care for them and, emotionally, the father could better care for the children. The mother now argues there has been a change of circumstances which warrants a modification of the custody decree. She argues that since she has remarried she now has the ability to provide and give her children the care and attention they need on a full time basis; that she is restored in emotional health; and, the children now need the mother's attention and care and a normal home life rather than the attention and care "which has been delegated to strangers on a per diem basis." The mother further argues that the best interests of the children demand their custody be changed to their mother and cites section 91-4515, R.C.M. 1947, in support of her position:

> "2. As between parents adversely claiming the custody or guardianship, neither parent is entitled to it as of right; but other things being equal, if the child be of tender years, it should be given to the mother * * *."

Appellant mother makes a strong argument citing all the accepted cases on the subject of change of conditions and welfare and best interests of children and then concludes that there is a priority of some kind between the two expressed in Bayers v. Bayers, 129 Mont. 1, 6, 281 P.2d 506:

> "'In custody cases, the underlying principle, paramount to all others, is the welfare and best interests of the child. In no way in conflict with this rule is another, equally well established, that once a court has decreed it there may be no change in the child's custody except where adequate cause therefor arises out of changed conditions. This principle is based on the idea not only that the stability of the home life of the children is an important and vital factor, but also that the turmoil of litigation must somewhere end.'"

Appellant's citations are perfectly valid and express the doctrines involved but they bear no priority relationship, only a qualifying relation. There must be a change of circumstances or conditions from the circumstances that existed at the time of the original decree and upon which the decree was based under section 91-4515, R.C.M 1947, which provides that in awarding the custody

- 3 -

of minor children the court is to be guided:

> "By what appears to be for the best interests of the child in respect to its temporal and its mental and moral welfare * * *."

The claimed change in conditions or circumstances can be judged on no lesser standard.

Appellant quarrels with the trial court's findings XI and XII, which find no change of circumstances from June 19, 1972, in Bismarck, North Dakota, to the present was demonstrated to the court. Appellant cites several cases and relies on McCullough v. McCullough, 159 Mont. 419, 498 P.2d 1189, as an almost identical fact situation where the district court found a change of circumstances and this Court affirmed. First, the cases are distinguishable on the facts and the quality of the evidence. Second, the district court in McCullough found a change of circumstances on the evidence presented in that case and when appealed it was not our province to review the record of the trial court to determine if we agreed with the conclusions reached, if supported by credible evidence. We must indulge in the presumption the judgment of the district court is correct and will not be disturbed unless there is a clear preponderance of the evidence against it, when viewed in the light most favorable to the prevailing party. Stromberg and Brown v. Seaton Ranch Co., 160 Mont. 293, 502 P.2d 41.

The instant case came to this Court for review upon a denial of a change of circumstances and we must grant these same presumptions and when so doing find credible evidence to support the trial court.

The facts show the children, at the time of this action, had lived with their father for a year. All persons who testified agreed the father was a fit person and agreed he cared for the children well. The mother stipulated the father was a fit person to care for the children. The social worker, who testified as an expert witness, stated:

> "Although the mother may be very capable of caring for the children, I believe that to subject the children to separation again is not in the best interests of the children especially if one is to consider the very satisfactory situation they are now experiencing."

- 4 -

In McCullough  and again in the most recent decision concerning this problem, In re Adoption of Biery, _____Mont.____, 522 P.2d. 1377, 1378, 31 St.Rep. 461, this Court stated:

"In all such cases the crucial factor is the child's welfare, both material and psychological, considering in particular the ties of affection the child has formed and the consequences of breaking those ties.* * *

"What is, or what is not in the best interests of the child depends upon the facts and circumstances of each case. The responsibility of deciding custody is a delicate one which is lodged with the district court. The judge hearing oral testimony in such a controversy has a superior advantage in determining the same, and his decision ought not to be disturbed except upon a clear showing of abuse of discretion. [Citing cases]"

We find no abuse of the trial court's discretion. The judgment of that court is affirmed.

_____Gene B. Daly_____

We Concur:

_____
Chief Justice

_____Wesley Castles_____

_____John Conway Harrison_____

_____Frank I. Haswell_____
Justices.

- 5 -