No. 12968

IN THE SUPREME COURT OF THE STATE OF MONTANA

1975

---

MERLE LLOYD ESTELL,

                    Plaintiff and Appellant,

    -vs-

SHIRLEY ESTELL,

                    Defendant and Respondent.

---

Appeal from:  District Court of the Twelfth Judicial District,
              Honorable B. W. Thomas, Judge presiding.

Counsel of Record:

    For Appellant:

        Morrison, Ettien and Barron, Havre, Montana
        Robert D. Morrison argued, Havre, Montana

    For Respondent:

        George Rouff argued, Havre, Montana

---

                                Submitted:  June 12, 1975

                                  Decided:  JUN 2 5 1975

Filed:  JUN 2 5 1975

Thomas J. Kearney
                                    Clerk

Mr. Justice Frank I. Haswell delivered the Opinion of the Court.

This is an appeal from an order of the district court, Hill County, modifying a divorce decree by changing custody of two minor children from their paternal grandmother to their mother. The original decree dated July 1, 1974, placed the children with the grandmother, stating:

> "* * * neither plaintiff or defendant at this time are able to provide the proper care and attention required by said children and it is to the best interest of said children that they be awarded to the care and custody and control of plaintiff [their father] under the supervision and care of their grandmother, Mildred Estell, who resides in Havre, Hill County, Montana; that the said Mildred Estell is a fit and proper person to provide the proper care and custody of said minor children until such time as either the plaintiff or the defendant can give the children a home and supervision." [Bracketed material supplied.]

The two children, aged seven and eight years at the time of the modification order, have been in the actual custody of their grandmother since at least March 1973.

The mother's petition for modification of the divorce decree alleged changed conditions and circumstances warranting transfer of custody to her. The district court, following a hearing at which both the father and mother presented evidence, granted the modification. The court found the condition of the mother had changed so that she was then able to provide an adequate home for the children and that it was in the best interest of the children to place them in that home.

The father appeals from the order of modification claiming there has been no material change in circumstances and that the district judge abused his discretion in granting the mother's motion.

The legal criteria for modification of a custody decree have been frequently expressed by this Court. Recently, in Gilmore v. Gilmore, _____ Mont. _____, 530 P.2d 480, 482, 32 St.Rep. 23, 25, this Court said:

"* * * There must be a change of circumstances or conditions from the circumstances that existed at the time of the original decree and upon which the decree was based under section 91-4515, R.C.M. 1947, which provides that in awarding the custody of minor children the court is to be guided:

"'By what appears to be for the best interests of the child in respect to its temporal and its mental and moral welfare * * *.'

"The claimed change in conditions or circumstances can be judged on no lesser standard."

Consideration of the evidence to be measured against this standard is also influenced by well-established rules of appellate review, typified by the language of Jewett v. Jewett, 73 Mont. 591, 595, 237 P. 702, quoted with approval in McCullough v. McCullough, 159 Mont. 419, 424, 498 P.2d 1189:

"'When a controversy arises between parents over the right to the custody of children, the duty of deciding it is a delicate one, which is lodged with the district court or the judge thereof. The judge hearing oral testimony, in such a controversy has a very superior advantage in determining the same, and his decision ought not to be disturbed except upon a clear showing of abuse of discretion.'"

With these precepts and standards in mind, we turn to the evidence contained in the record here. At the time of the divorce hearing, Shirley Estell admittedly was suffering from a condition characterized as manic-depressive. Treatment up to that time consisted primarily of heavy use of drugs and medications. Under the influence of her affliction and these drugs, she was not capable of providing adequate care for the children, and the district court so found. The court was equally unwilling to place the children with the father, but chose to place them temporarily with the paternal grandmother in Havre, Montana.

At the hearing on the petition for modification of the divorce decree, the district court judge had ample opportunity to observe the demeanor and capacities of Shirley Estell as she testified. Based on those observations, the testimony of the other witnesses, and the deposition of a psychiatrist who had treated

- 3 -

Shirley Estell for over a year and a half, the district court found that she was now able to provide proper care and attention for the children.

The record supports that conclusion. Her psychiatrist indicated she had regained normal function through a regimen of supportive psychotherapy and supplemental lithium carbonate. That evidence is uncontroverted. Appellant's main contention is that she is not "cured" and might suffer a relapse to her former condition. While that eventuality is not beyond the realm of possibility, it is equally apparent that her condition is being effectively controlled and the probability of relapse is not great.

The district court's order included a requirement that the mother, during the ensuing year, must provide the court with progress or status reports from her psychiatrist on a quarterly basis.

Our review of the entire record discloses no evidence that the district judge abused his discretion. To the contrary, it is clear that Judge Thomas acted in accord with the law and the evidence in granting custody to the mother.

The order of the district court is affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices.

- 4 -