No. 13067

IN THE SUPREME COURT OF THE STATE OF MONTANA

1975

---

CAROL LOTTON,

Plaintiff and Respondent,

-vs-

DEAN R. LOTTON,

Defendant and Appellant.

---

Appeal from: District Court of the Twelfth Judicial District,
Honorable B. W. Thomas Judge,presiding.

Counsel of Record:

For Appellant:

Frank Altman argued, Havre, Montana

For Respondent:

Morrison, Ettien and Barron, Havre, Montana
Van H. Barron argued, Havre, Montana

---

Submitted: November 12, 1975

Decided: FEB -3 1976

Filed: FEB -3 1976

Thomas J. Kearney
Clerk

Mr. Chief Justice James T. Harrison delivered the Opinion of the Court.

This is an appeal from an order of the district court, Hill County, awarding custody of minor children to Carol Lotton, plaintiff.

Carol and Dean Lotton were married November 22, 1969. Two children were issue of this marriage: Tony, now age 5, and Greg, now age 3.

Plaintiff filed an action for divorce in October, 1974, asking custody of the children, child support, and a property settlement. Defendant contested the divorce action, initially wishing to prevent the divorce, but subsequently contesting the custody of the children. Trial on the matter was held before the district court, without jury, on March 26, 1975.

On April 30, 1975, the district court granted the divorce with a property settlement. The court also found both parties to be fit and proper persons to have care, custody and control of the children; finding further that due to the tender years of the children, it would be in their best interest that they be placed in the care, custody and control of their mother.

Defendant is appealing from the award of custody of the minor children to the mother.

The sole issue presented for determination by this Court is whether the district court abused its discretion in granting the custody of the children to their mother.

The rule for awarding custody of minor children is set forth in section 91-4515, R.C.M. 1947:

> "In awarding the custody of a minor * * * the court or officer is guided by the following considerations:
>
> "1.  By what appears to be for the best interests of the child in respect to its temporal and its mental and moral welfare * * *.
>
> "2.  As between parents adversely claiming

- 2 -

> the custody or guardianship, neither parent
> is entitled to it as of right; but other
> things being equal, if the child is of tender
> years, it should be given to the mother; if
> it be of an age to require education and
> preparation for labor or business, then to the
> father."

The preference for granting custody of children of tender years to the mother is a policy of long standing in Montana.

In Hoppe v. Hoppe, 138 Mont. 239, 241, 356 P.2d 44, this Court said:

> "The courts throughout the country recog-
> nize the indisputable proposition that there
> is no substitute for a mother's love, affec-
> tion, and care of her own offspring."

See, also, Love v. Love, ____Mont.____, 533 P.2d 280, 31 St. Rep. 1015.

Defendant argues all things are not equal, as required by section 91-4515(2), prior to giving custody preference to the mother.

The record is replete with testimony regarding plaintiff's morals and her behavior prior to and after her separation from defendant. On more than one occasion prior to the separation plaintiff called a baby-sitter after defendant went to work on the graveyard shift so she might go to a local nightclub to dance. Each of these times she admonished the baby-sitter not to tell defendant where she had gone or why. After the separation she had men to her apartment until late in the evening, sometimes while the children were there. Plaintiff testified she was bored with the marriage and wanted some excitement. On the other hand, testimony appears on the record of great affection between plaintiff and children; that the children were always well fed, well rested and never beaten (by either parent). The testimony is not clear as to whether, after the separation, plaintiff's nights out at local nightclubs were while the children were at her apartment with a baby-sitter, or staying with their father under his visitation rights.

Plaintiff testified defendant did not show any affection toward the children until after the separation. She claims he was always hunting, fishing or riding his motorcycles. Defendant's testimony contradicts these claims.

The record contains conflicting, sometimes contradictory testimony on the morals, habits and character of plaintiff and defendant; much of it self-serving. The one thing both parties could agree on is that the other party is a fit and proper person to have care, custody and control of the children. But each argues he or she is "fitter" than the other.

The established rule of appellate review in cases of this nature has been stated by this Court in Jewett v. Jewett, 73 Mont. 591, 237 P. 702; Williams v. Williams, 85 Mont. 446, 278 P. 1009; Gilbert v. Gilbert, ____Mont.____, 533 P.2d 1079, 32 St. Rep. 163; Estell v. Estell, ____Mont.____, 537 P.2d 1082, 32 St. Rep. 648; McCullough v. McCullough, 159 Mont. 419, 498 P.2d 1189; Hurly v. Hurly, 147 Mont. 118, 411 P.2d 359; Kerrigan v. Kerrigan, 115 Mont. 136, 139 P.2d 533; In re Thompson, 77 Mont. 466, 251 P. 163; and does not need repeating here.

Our review of the entire record discloses no evidence that the district court abused its discretion. To the contrary, it is clear the court acted in accord with the law and the evidence in granting custody to the mother.

The order of the district court is affirmed.

_____
Chief Justice

We concur:

_____
_____
_____
_____
Justices

- 4 -